## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **JEROME ALAN JOHNSON** and | * | **Case No. 19-12437-BFK** |
| **MICHELE ANITA JOHNSON,** | * | Chapter 7 |
| | * | |
| Debtors. | * | |
| | * | |
| **DONALD F. KING, TRUSTEE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Adv. Proceeding No. 21-01046-BFK** |
| | * | |
| **MARY ELLA JOHNSON,** *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

### TRUSTEE'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

COMES NOW Donald F. King, ("**Trustee**" or "**Plaintiff**") in his capacity as Trustee for the Bankruptcy Estate of Jerome Alan Johnson and Michele Anita Johnson (the "**Bankruptcy Estate**"), by and through his undersigned counsel, and files this Opposition to the Motion of Emeri M. Johnson, Gabrielle A. Johnson, and Legacy Wealth Properties, LLC (the "**Defendants**") to dismiss the Trustee's Complaint.

### INTRODUCTION

The Debtors and their two daughters owned real property through an LLC. On the Petition Date, the Debtors owned 76% of the membership interests in the LLC. Under the LLC's operating agreement ("**Operating Agreement**"), the Debtors had the right to liquidate the LLC's

Bradley D. Jones (VSB No. 85095)
ODIN, FELDMAN & PITTLEMAN, PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone:   (703) 218-2176
Fax:     (703) 218-2160
Brad.Jones@ofplaw.com

*Counsel for the Chapter 7 Trustee*

assets and sell its real estate at any time. Post–Petition, shortly after the Trustee filed his complaint, Debtor Jerome Johnson executed documents, purportedly on behalf of the LLC, to convey its property to his mother for no consideration.

Upon the filing of the Debtors' bankruptcy case, the Trustee stands in the Debtors' shoes and can exercise all of the legal and contractual rights held by the Debtors at the commencement of the case, including their rights under the Operating Agreement.

If the Debtors had directly owned the property without an LLC, the Bankruptcy Code is clear that it could be sold under 11 U.S.C. § 363(h) with the Bankruptcy Estate receiving its share of the proceeds for the benefit of the Debtors' creditors and the co-owners receiving their share. The Bankruptcy Code is also clear that the Trustee could set aside any attempt to transfer the property to Mr. Johnson's mother for no consideration. However, the Defendants take the view that because the Debtors owned an LLC, the adversary proceeding should be dismissed, and the Bankruptcy Estate should get nothing.

Defendants' view is contrary both to the Bankruptcy Code and applicable Virginia Law. The Bankruptcy Code recognizes that the Bankruptcy Estate owns the economic rights possessed by a debtor in bankruptcy as of the Petition Date. Virginia Law allows members in an LLC to bring an action to enforce an operating agreement or assert that the manager of an LLC breached his fiduciary duties. The Defendants' motion to dismiss should be denied, or at a minimum, the Trustee should be provided an opportunity to amend his complaint.

## FACTUAL BACKGROUND

1.    On July 25, 2019 (the "**Petition Date**"), the debtors Jerome Alan Johnson and Michele Anita Johnson (the "**Debtors**") filed a voluntary chapter 7 bankruptcy petition

("**Bankruptcy Petition**"). Bankr. Dkt. No. 1.[1]

2.      Plaintiff, Donald F. King, was appointed chapter 7 trustee (the "**Trustee**"). Complaint, ¶1.

3.      The Debtors filed their Individual Schedules and Statement of Financial Affairs on August 15, 2019. Bankr. Dkt. No. 15.

4.      The Debtors' Statement of Financial Affairs disclosed that the Debtors were at least partial owners of an entity called "Legacy Wealth Properties, LLC." Bankr. Dkt. No 15 at 84. The Debtor describes the nature of the business as "ownership of home in which Husband-Debtor's mother resides." Bankr. Dkt. No. 15 at 84.

5.      This home is a three–bedroom, one–bathroom house in Dinwiddie County Virginia, worth approximately $203,500 at 8815 Colemans Lake Rd. in Ford, VA (the "**Colemans Lake Property**"). Complaint, ¶11–12.

6.      Because the Debtors' interest in Legacy Wealth Properties and their beneficial interest in the Colemans Lake Property is an asset of the Bankruptcy Estate that the Trustee believes he can administer for the benefit of creditors, the Trustee filed an Adversary Proceeding to enable him to sell the property. Adv. Dkt. No. 1. The Adversary Proceeding was filed on July 22, 2021. Adv. Dkt. No. 1.

7.      The Trustee alleged that Legacy Wealth Properties owned the Colemans Lake Property on the Petition Date. Complaint, ¶2, 11–12.

8.      The Defendants' Motion to Dismiss acknowledges the Colemans Lake Property was owned by Legacy Wealth Properties on the Petition Date. Adv. Dkt. No. 11 at 3, ¶4.

---

[1] Citations to documents from the main bankruptcy case docket will be referred to as "Bankr Dkt. No. XX." Citations to documents from the adversary docket for Adversary Proceeding No. 21-01046-BFK, will be referred to as "Adv Dkt. No. XX." Citations to factual allegations in the complaint filed by the Trustee and filed at Adv. Dkt. No. 1, will be referred to as "Complaint, ¶XX."

9.      The Trustee alleges that the Debtor, Jerome Johnson is a Member or Manager of the company and that Legacy Wealth Properties is an entity that is controlled by the Debtors. Complaint, ¶¶2, 31.

10.     The Defendants' Motion to Dismiss attached a purported operating agreement ("**Operating Agreement**") for Legacy Wealth Properties. Dkt. No. 11-1. The Operating Agreement confirms that the Debtor, Jerome Johnson, is the Managing Member of the entity. Dkt. No. 11-1 at 1, ¶6. As Managing Member, Mr. Johnson oversees and approves Legacy Wealth Properties' "business and affairs;" is responsible for approving "all significant decisions and transaction of or affecting the company," including any transactions in excess of $1,000.00; and is entitled to "exercise complete and exclusive control of the management of the Company's business and affairs." Dkt. No. 11-1 at 1, ¶¶5, 18, 25.

11.     According to an exhibit attached to the Operating Agreement, the Debtors collectively own 76% of both the economic and participating interest in Legacy Wealth Properties. Dkt. No. 11-1 at 11. Jerome Johnson's interest accounts for 52% of the company and Michele Anita Johnson owns 24%. Dkt. No. 11-1 at 11. The Debtors' two children each own the remaining 24% equally. Dkt. No. 11-1 at 11.

12.     Upon the filing of the Debtors' Bankruptcy Petition, the Bankruptcy Estate owns all of the Debtors' legal and equitable interests in property, including the Debtors' membership interests in Legacy Wealth Properties. Complaint, ¶37 (citing 11 U.S.C. § 541); *see also In re Allen*, 415 B.R. 310, 316 (Bankr. N.D. Ohio 2009) (holding a bankruptcy trustee can "stand in the debtor's shoes" and exercise legal and contractual rights held by the debtor at the commencement of the case).

13.     As a result, due to the Debtors' ownership interests at the time the Bankruptcy

Case was filed, the Bankruptcy Estate owns 76% of the economic and participation interests in the company. Complaint, ¶¶37–38.

14.     To monetize the Bankruptcy Estate's interest in the Colemans Lake Property, the Trustee through his adversary proceeding sought this Court's authorization pursuant to 11 U.S.C. § 363(h) to sell the estate's interest in Legacy Wealth Properties, the Colemans Lake Property or both free and clear of the interests of the co-owners of the LLC and co-beneficial owners of the Coleman Lake Property. Complaint, ¶¶2–5, 9–27.

15.     In the alternative, the Trustee sought a determination under applicable Virginia Law that the company should be wound-up because its ongoing business is impractical. Complaint, ¶¶36–41.

16.     The Operating Agreement of Legacy Wealth Properties, would also permit the entity to be wound–up upon the agreement of 52% of the Members with Participation Units consenting to its termination. Dkt. No. 11–1 at 8, ¶34. Here the Bankruptcy Estate owns 76% of the Participation Units. *See Supra*, ¶11.

17.     The Trustee is aware that a consent was purportedly executed in October 2016, by which the Members of Legacy Wealth Properties agreed to transfer the company's interest in the Colemans Lakes Property to Mary Ella Johnson for no consideration. Complaint, ¶¶14–16. Mary Ella Johnson is the mother of Debtor Jerome Johnson.

18.     However, the Trustee does not believe a valid transfer of the Colemans Lake Property ever occurred. Complaint, ¶43. As of the filing of the Bankruptcy Petition, Legacy Wealth Properties remained the record owner of the property. Complaint, ¶¶17, 31.

19.     But, in the alternative, to the extent such transfer occurred or the Debtor was obligated to transfer the property, the Trustee sought to recover the transfer either because: (1) a

bona fide purchaser for value of the Debtors' interest in Legacy Wealth Properties would acquire that interest free of any obligation to transfer the Colemans Lake Property to Mary Johnson, Complaint, ¶¶28–35; or (2) the transfer of the Colemans Lake Property was recoverable as a fraudulent conveyance. Complaint, ¶¶42–80.

20.     The Trustee alleges the transfer of interest in the Coleman Lake Property was fraudulent, both at the time the purported transfer was made and post-petition when Mr. Johnson, without the Trustee's authorization, executed a deed attempting to transfer the property.

<u>Events that Have Occurred Since the Filing of the Adversary Complaint</u>

21.     Despite the Bankruptcy Estate's interest in Legacy Wealth Properties, the Debtors have attempted—apparently in response to the Trustee's adversary proceeding—to transfer the company's only asset for no consideration.

22.     On July 28, 2021—just six days after the Trustee filed this adversary proceeding—the Debtor Jerome Johnson executed a gift deed on behalf of Legacy Wealth Properties, LLC, purporting to convey the Colemans Lake Property to Mary E. Johnson[2] for nominal consideration of $1.00.

23.     Jerome Johnson signed the Deed of Gift, purportedly on behalf of Legacy Wealth Properties, LLC as its Managing Member.

24.     However, Mr. Johnson had no authority to execute the Deed of Gift without the Trustee's authorization because all of Mr. Johnson's legal and equitable rights in Legacy Wealth Properties, LLC were property of his Bankruptcy Estate and could only have been exercised by

---

[2] The original gift deed purported to convey the Colemans Lake Property to "Mary E. Washington" but Jerome Johnson executed and recorded a Correction Gift Deed a few hours later to correct the purported grantee to "Mary E. Johnson." Both the original gift deed and the corrected gift deed were prepared by John B. Chappell, Esq. and note that a title search was not done by the deed preparer.

the Trustee.

25.     This appears to be an effort to frustrate the Trustee's administration of the estate

and hinder, delay, or defraud the Trustee and creditors of the Bankruptcy Estate.

ARGUMENT

Rule 12(b)(6), incorporated into bankruptcy adversary proceedings by Fed. R. Bankr. P.

7012(b), provides for dismissal of an action for "failure to state a claim upon which relief can be

granted." The purpose of a Rule 12(b)(6) motion is "to test the legal sufficiency of the

complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017). A motion to dismiss does not

resolve contests about the facts or merits of the claim. *King v. Rubenstein*, 825 F.3d 206, 214

(4th Cir. 2016). When evaluating a motion under Rule 12(b)(6), the court "must accept as true all

of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the

non-moving party's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435,

440 (4th Cir. 2011) (citations omitted). To prevail on a motion to dismiss, the complaint merely

needs to "state a plausible claim for relief." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir.

2012) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556

U.S. 662 (2009)). A claim is plausible if the allegations are "enough to raise a right to relief

above the speculative level," *Twombly*, 550 U.S. at 556, and allow "the court to draw the

reasonable inference that the defendant is liable for the [claim] alleged," *Iqbal*, 556 U.S. at 678.

**1. Count I: The Trustee Has Plausibly Alleged A Cause of Action Under 11 U.S.C. § 363(h).**

The Trustee has authority to liquidate the real property at issue in this case for the benefit

of the Bankruptcy Estate. The Debtors and their daughters together beneficially owned the

Colemans Lake Property through their LLC at the time this bankruptcy case was filed. *See*

Complaint, ¶2, 11–12; Adv. Dkt. No. 11 at 3, ¶4. The Operating Agreement of Legacy Wealth

Properties allows the company to be terminated if 52% of the members with participating units agree. Adv. Dkt. No. 11–1 at 8, ¶34. The Trustee owns 76% of the participating units. Adv. Dkt. No. 11–1 at 11. Upon liquidation, the company's assets are to be distributed, including distribution of assets in kind, and payments are to be made to the members once any creditors of the company are satisfied. Adv. Dkt. No. 11–1 at 8, ¶34(a)–(d). This will result in the Bankruptcy Estate owning the property with two non-debtor co-owners.

1.     A Cause of Actions is Available to the Estate Pursuant to 11 U.S.C. § 363(h).

It is appropriate for the Court to allow the Trustee to pursue relief under 11 U.S.C. § 363(h) to administer property where the wind–up of the LLC, or other legal process, will result in the Bankruptcy Estate co-owning property with non-debtors. For example, in considering a debtor's interest in a Virginia limited liability partnership, the Fourth Circuit indicated a bankruptcy trustee may use § 363(h) to sell a partnership interest upon dissolution of a law firm. *Beaman v. Shearing (In re Shearing)*, 224 F.3d 346, 350 (4th Cir. 2000) ("It is not at once apparent why the Trustee could not have sold the partnership interest under 11 U.S.C. § 363(h), which gives a Trustee the power to sell estate property; however, the Trustee did not proceed in this manner.").[3]

Bankruptcy courts in the context of avoidable transfers have also recognized that § 363(h) appropriately allows for the sale of property when an avoided transfer results in the bankruptcy estate co-owning the real estate with non-debtors. For instance, in *In re Xiang Yong Gao*, 560 B.R. 50 (Bankr. E.D. N.Y. 2016), the chapter 7 trustee brought an adversary proceeding to recover certain real estate transfers made by the debtor to a defendant for no

---

[3] In *Shearing*, the Fourth Circuit ultimately affirmed the Bankruptcy Court's order requiring the law firm to account to the trustee for the debtor's interest in the partnership pursuant to 11 U.S.C. § 541(a)(1) and (a)(6).

consideration. *Id.* at 57–58. The Court considered the transfer at issue and found the transfer of the real estate to be fraudulent. *Id.* at 60–61. The Court then recognized that once the trustee recovers the real estate at issue, the property would be owned by the trustee and defendant as joint tenants. *Id.* at 66. The Court then proceeded to analyze the elements of § 363(h), found the defendants had no meritorious defenses, and granted the trustee's request to sell the property pursuant to § 363(h). *Id.* at 67–68.

The approach applied in *Shearing* and *Xiang Yong Gao*—allowing a § 363(h) sale of property that by operation of law becomes co–owned by the bankruptcy estate with one or more third parties—is common in bankruptcy cases. This Court has allowed bankruptcy trustees to pursue § 363(h) property sales where the bankruptcy estate will own property with non–debtor co–owners under a variety of scenarios, including avoidance actions, divorce proceedings, the wind–up of a trust, and similar proceedings. *See Terry v. Pascall, et al. (In re Paschall)*, 403 B.R. 366 (Bankr. E.D. Va.) (avoiding transfer of property as a preference and proceeding to trial on Trustee's motion to sell property pursuant to 11 U.S.C. § 363(h)),[4] *aff'd sub nom.* 388 F. App'x 299 (4th Cir. 2010); *Terry v. Evans (In re Evans)*, 527 B.R. 228 (Bankr. E.D. Va. 2015) (determining estate's interest in former marital references pursuant to a divorce decree and authorizing sale of former marital residence pursuant to § 363(h)); *In re Eidson*, 481 B.R. 380, 386 (Bankr. E.D. Va. 2012) (allowing, pursuant to an agreed compromise, the sale of property owned as a tenancy by the entireties by couple with pending state court divorce case); *King v. Callahan (In re Callahan)*, 20-1047-BFK, Case No. 20-01047-BFK, Dkt. No. 27 (Bankr. E.D. Va. Dec. 17, 2020) (entering default judgment permitting sale pursuant to 11 U.S.C. § 363(h) of

---

[4] Prior to trial on the 11 U.S.C. § 363(h) factors, the trustee reached a settlement, resulting in a payment of $186,000 to the Bankruptcy Estate. *See In re Paschall*, Case No. 07-32048-KRH, Dkt Nos. 107, 120 (Bankr. E.D. Va.).

property held by trust where the trust agreement required the property to be sold and assets distributed to multiple beneficiaries, including the debtor).

      a.     A Sale of the Property is Appropriate Under Legacy Wealth Properties' Operating Agreement and Generally Applicable Virginia Law.

In a footnote in a prior opinion, this Court questioned whether § 363(h) could be used by the trustee of a minority shareholder to sell a co-owned business over the objections of a company's majority shareholders but did not directly decide the issue. *In re Cole*, 548 B.R. 132, 146 fn.16 (Bankr. E.D. Va. 2016). However, that opinion also noted that a sale in such circumstances may still be permitted: (1) in accordance with the shareholder agreement; or (2) if generally applicable Virginia Law would allow for a judicial sale, such as in circumstances where "oppressive and fraudulent conduct by the majority shareholders" would permit a Virginia Court to require dissolution of the entity. *Id.*

In this case, both circumstances would permit the Trustee to require the liquidation of the LLC and the sale of the Colemans Lake Property. The Operating Agreement permits the sale. The Trustee has authority to execute the Debtors' rights under the Operating Agreement for the benefit of the Bankruptcy Estate. Pursuant to 11 U.S.C. § 541(c), all of a debtor's economic and noneconomic rights in an LLC become property of the bankruptcy estate upon the filing of the petition. *In re Virginia Broadband, LLC*, 498 B.R. 90, 97 (Bankr. W.D. Va. 2013); *Klingerman v. ExecuCorp, LLC, et al. (In re Klingerman)*, 388 B.R. 677, 679 (Bankr. E.D. N.C. 2008). This includes the rights belonging to the member under the LLC operating agreement, including the right to seek dissolution of the LLC. *Klingerman*, 388 B.R. at 679 ("As a member of the LLC, the estate has standing to ask for dissolution of ExecuCorp."). The Bankruptcy Estate includes sufficient membership interests in Legacy Wealth Properties, LLC to compel a dissolution of the entity pursuant to the company's Operating Agreement. Those rights are preserved for the

benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 541(c). A dissolution under the operating agreement would result in the Coleman Lake Property being distributed in kind to each of the members of the LLC in accordance with those interests and 11 U.S.C. § 363(h) would permit a sale of the property. As a result, the Trustee has alleged a plausible claim for relief. The Defendants' motion to dismiss should be denied.

Similarly, the Trustee has adequately alleged that the dissolution of Legacy Wealth Properties, LLC could be compelled under the Virginia Limited Liability Company Act. Virginia Law recognizes that a member who transfers LLC property for his own personal estate–planning interests breaches his fiduciary duties to the LLC. *Flippo v. CSC Assocs. III, L.L.C.*, 262 Va. 48, 56 (2001). In such circumstances, pursuant to Va. Code § 13.1–1023(C)(1), Virginia Law allows a court to use its equitable powers to enforce the operating agreement, appoint a manager, or provide other fair and appropriate relief. *Flippo*, 262 Va. 48 at 61–62. In addition to the ability to use its equitable powers to enforce the operating agreement, Va. Code § 13.1–1023(C)(2) permits the Court to compel dissolution of the LLC.

      2.   <u>Defendant's Arguments are Unavailing.</u>

The Defendants make two primary counter-arguments, contending: (1) that Va. Code § 13.1-1040.1(6)(a) dissociates a debtor in bankruptcy from an LLC, preventing the Trustee from participating in management of the company; and (2) that bankruptcy cannot vest the Trustee with more rights than what the Debtors owned on the Petition Date. Neither argument provides a defense.

      a.   *The Estate Does Not Lose its Economic Rights Under the Operating Agreement Due to the Debtors' Bankruptcy Filing.*

The Debtors cite Va. Code § 13.1-1040(6)(a) to argue that upon the filing of the bankruptcy case, the Bankruptcy Estate was disassociated from the LLC and cannot participate

in its management. Adv. Dkt. No. 11 at 5–6. In the Defendants' view, the Bankruptcy Estate is limited to the ability "to share in profits, losses and distributions" of Legacy Wealth Properties but "nothing more." Adv. Dkt. No. 11 at 7. However, conveniently for the Defendants, there will be no profits or distributions because the primary asset of Legacy Wealth Properties was transferred to a family member for no consideration immediately after this adversary proceeding was filed.

Defendants' limited view of the Bankruptcy Estate's rights in the Debtors' membership interests is incorrect. In *In re Virginia Broadband, LLC*, the bankruptcy court for the Western District of Virginia rejected the argument that Va. Code § 13.1-1040(6)(a) prohibits a bankruptcy estate from exercising the rights of a member. 489 B.R. at 95. The Court found that "[t]he Bankruptcy Code provides that an interest of the debtor in property becomes property of the estate notwithstanding any applicable non-bankruptcy law that affects a forfeiture, modification, or termination of a debtor's interest merely because the debtor filed bankruptcy." *Id.* (citing 11 U.S.C. § 541(c)(1)). To the extent, Va. Code § 13.1-1040(6)(a) provides otherwise, the Court determined that the statute was invalid as an *ipso facto* clause and unenforceable. *Id.* As a result, the Court concluded that both the debtor's economic and non-economic interests in the LLC "were not forfeited, modified, or terminated merely because he filed bankruptcy, but rather became property of his estate." *Id.*

The Defendants cite *In re Garrison-Ashburn, L.C.*, 253 B.R. 700 (Bankr. E.D. Va. 2000) and *In re Nedrick*, No. 10-33456-KLP, 2017 WL 1207507 (Bankr. E.D. Va. Mar. 31, 2017), arguing those cases stand for the proposition that bankruptcy trustees are not able to manage an LLC owned or controlled by a bankruptcy debtor. However, that is not the issue in this case: The Trustee is not seeking to manage the entity as a going concern; he merely wants to execute the

- 12 -

rights of the members to liquidate the assets of the LLC pursuant to the Operating Agreement, or

if necessary, to recover property improperly transferred from the LLC and then liquidate those

assets. Neither *Garrison–Ashburn* nor *Nedrick* prevent this result.

*Garrison-Ashburn* involved the sale of a parcel of real estate held by a non–debtor entity

owned by two individuals. One was a debtor in bankruptcy and one was not. *Id.* Each had a fifty

percent membership interest in the LLC. 235 B.R. at 702. The debtor entered into a contract on

behalf of the LLC attempting to sell a parcel of real estate owned by the LLC. *Id.* The LLC's

operating agreement required both members to be a party to the real estate contract and the

member, who himself was a debtor in bankruptcy, opposed the sale and would not sign the

contract. *Id.* The Court determined that the issue was one of who had authority to manage the

non–debtor entity and decide whether the real estate should be sold. *Id.* That is not the issue in

this case.

More importantly for this matter, the Court in *Garrison-Ashburn* recognized that both the

members economic and non–economic rights were preserved for the benefit of his bankruptcy

estate. *Id.* at 8. The Court also recognized that 11 U.S.C. § 541(c) could pre-empt any restrictions

on the debtor's rights to the extent they affected the Bankruptcy Estate, finding that the purpose

of § 541(c) was to "expand the bankruptcy estate to the maximum feasible extent and to prevent

the loss of valuable assets by the operation of *ipso facto* clauses that terminate valuable leases

and other rights upon bankruptcy." *Id.* In *Garrison-Ashburn* the interests of § 541(c) were not

implicated. As a result, the Bankruptcy Code did not stand in the way of generally applicable

state law.

But here all of those interests cut the other way: Preventing the Trustee from exercising

his rights to sell the Colemans Lake Property pursuant to the Operating Agreement would result

in the loss of valuable assets and terminate available rights held by the Debtor as of the filing of the bankruptcy. That result is contrary to 11 U.S.C. § 541(c).

*Nederick* is also unhelpful to the Defendants. In that case, the Trustee had, with prior court approval, liquidated property held by the debtor's LLC. 2017 WL 1207507 at *2. The issue was how to distribute the proceeds. *Id.* at *3–*12. After reviewing the factual record, the Court merely determined the record was not sufficiently developed to determine how the proposed distribution should be allocated between the parties because the disposition "not only affects the rights of the creditors of the bankruptcy estates but perhaps others who may have claims directly related to the Company." *Id.* at *12. The Court specifically did not reach the issue about the scope of the Trustee's management authority, noting that "whether [the debtor's] noneconomic rights in the Company, in particular her management rights, may be exercised by the Trustee is an unanswered question." 2017 WL 1207507 at *5. Nothing in that opinion questioned the ability of a trustee to realize the estate's economic rights in the LLC.

Here, the Trustee is merely attempting to exercise the Bankruptcy Estate's rights as a member to liquidate the property. The Trustee does not believe Legacy Wealth Properties, LLC has any legitimate creditors, which is supported by Mr. Johnson's attempt to transfer the property from the LLC without appearing to address any creditor interests. However, the Trustee does not object to selling the Colemans Lake Property subject to the requirement to address any valid creditor claims against the LLC.

      b.     *The Trustee is Merely Trying to Realize the Same Rights the Debtors Possessed on the Petition Date and is Not Expanding Their Interests.*

The Defendants' second argument is that the Trustee is somehow attempting to expand the interests of the Bankruptcy Estate beyond what would be permitted in state law. Adv. Dkt. No. 11 at 7. That is not true. The Trustee is merely trying to secure for the Bankruptcy Estate, the

rights that the LLC members would have had as of the Petition Date, including the right to monetize the Colemans Lake Property.

The Defendants argue that "as of the Petition Date title to the property was vested in Legacy Wealth Properties, with a corresponding claim of ownership in Mary Ella Johnson." Adv. Dkt. No. 11 at 7 (cleaned up). The Trustee agrees that the property was owned by Legacy Wealth Properties, LLC. But the Defendants ignore that at any time prior to the filing of the Bankruptcy Case, the Debtors had an unrestricted right to liquidate that property for their benefit pursuant to Paragraph 34 of the Operating Agreement. The Trustee is not attempting to expand the rights of the Bankruptcy Estate. He is merely trying to ensure the estate has the same rights and interests that belonged to the Debtors on the Petition Date.[5]

The Defendants arguments for dismissal, if accepted, would essentially deny the Trustee the benefits of Property the Debtors would be entitled to exercise under generally applicable state law. It would also give free rein to Debtors to engage in fraudulent transfers to avoid paying their creditors, so long as the property at issue is held by an LLC they control.

* * * *

The Fourth Circuit has repeatedly recognized that Debtors cannot structure business transactions to hide assets and frustrate the ability of Trustees to administer property the Debtor otherwise controls. *Shearing*, 224 F.3d at 353 (requiring a partnership to account to a debtor's bankruptcy estate for the value of the partner's interest to prevent debtors from circumventing bankruptcy laws through the use of such agreements) (citing *In re Andrews*, 80 F.3d 906, 911

---

[5] The Trustee disagrees that Mary Johnson has any claim of ownership in the property. It is undisputed that as of the Petition Date she had no interest in the property. It is also notable that, despite being properly served with the Complaint, Ms. Johnson has not appeared to have retained counsel in this matter as the Defendants' Motion to Dismiss was filed on behalf of the non-debtor members of Legacy Wealth Properties and the LLC itself but not Mary Johnson. *See* Adv. Dkt. No. 11 at 1.

(4th Cir.1996) (applying similar analysis to non–compete payments in business sales)). Using their LLC to transfer valuable property out of the reach of the Trustee and circumvent the bankruptcy laws is exactly what the Debtors are attempting to do here. The Defendants' motion to dismiss should be denied.

2.  **Count II: The Trustee Has Plausibly Alleged That a Bona Fide Purchaser of the Debtors' Interest in Legacy Wealth Properties Would Be Able to Avoid Any Obligation to Transfer the Property.**

Bankruptcy Code § 544(a)(3) allows a Trustee to "avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by," among others, "a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

The Trustee has alleged that the Colemans Lake Property may be administered by the Bankruptcy Estate, either pursuant to the Debtors' rights in the LLC or through the recovery of a fraudulent conveyance or other attempt to transfer the Property. In such a case, the Trustee would be able to sell the property free and clear of any obligation, prior agreement, constructive trust, or other equitable requirement to convey the property to Mary Ella Johnson. *Wells Fargo Funding v. Gold (In re Taneja)*, 432 B.R. 216, 220-21 (E.D. Va. 2009) (holding that equitable claims to real property recovered as a fraudulent conveyance from a debtor's shell company[6] were subject to trustee's avoidance rights under Bankruptcy Code Section 544(a)(3)). As a result, the Trustee has pled a plausible claim for relief in Count II of his Complaint.

Defendants argue that Section 544(a) does not apply because the Debtors did not own the

---

[6] The property at issue came into the debtor's bankruptcy estate pursuant to a "Consent Order Avoiding Fraudulent Transfer of Real Property Pursuant to 11 U.S.C. §§ 548, 550 and 551." *Taneja*, 432 B.R. at 221.

Colemans Lake Property on the Petition Date, but they ignore that the Trustee is seeking to recover the property. The U.S. District Court for the Eastern District of Virginia has already recognized that Section 544(a)(3) can apply to recovered property. *Taneja*, 432 B.R. at 220–21.

Defendants repeat their argument that the Debtors are disassociated members of Legacy Wealth Properties and "had no rights to participate in the management of Legacy Wealth as of the Petition Date." Adv. Dkt. No. 11 at 8. However, Defendants are attempting to have it both ways: They are trying to claim that the Trustee has no authority to recover the property because the bankruptcy disassociated the Debtors from Legacy Wealth Properties; while simultaneously supporting the legitimacy of Mr. Johnson's post–petition actions in executing documents on behalf of Legacy Wealth Properties to attempt to transfer the Colemans Lake Property to his mother. The Defendants' arguments should be rejected.

**3. Count III: The Trustee Has Plausibly Alleged That the Transfer of the Colemans Lake Property Would Provide Him as a Member of the LLC a Cause of Action to Recover the Property or Value of the Property Under Virginia Law.**

As of the filing of the Bankruptcy Petition, the Debtors' Membership interests in Legacy Wealth Properties became property of their Bankruptcy Estate. 11 U.S.C. § 541(c); *Klingerman*, 388 B.R. at 679 (holding that debtor's interest in an LLC—including both economic and non-economic rights—are property of the estate) (citing *Garrison–Ashburn, L.C.*, 253 B.R. at 708). The Bankruptcy Estate is attempting to assert its rights as a member and realize the benefits provided to members of the Legacy Wealth Properties under its Operating Agreement. The Trustee is also asserting the Bankruptcy Estate's rights as a member under generally applicable law to protect its economic interests from inappropriate attempts to transfer the company's property.

As the Trustee alleges in his complaint, Va. Code. § 13.1-1047 authorizes a member of a

Virginia Limited Liability Company to petition for dissolution of the company if it is not reasonably practicable to carry on the business in conformity with the articles of organization and any operating agreement. Complaint, ¶39. The Trustee has alleged it is not reasonably practicable to carry on the business of Legacy Wealth Properties due to financial hardships affecting the Debtors, which render the company unable to pay the costs associated with retaining the Colemans Lake Property. Complaint, ¶¶16–17, 40–41, 48–57.

Virginia Law would also allow the Members of an LLC to seek relief under the Virginia Limited Liability Company Act to protect their economic interests in the LLC from attempts to transfer the company's assets to third parties for no consideration. Virginia Code § 13.1–1023(C)(1) allows a Court to issue an injunction or other relief to enforce the terms of an LLC's operating agreement if the Court in its discretion determines such relief "to be fair and appropriate in the circumstances." The Court may also, "when the provisions of § 13.1-1047 are applicable," order dissolution of the LLC. Virginia Courts recognize that such relief may be appropriate where a debtor's manager breaches his fiduciary duties and transfers assets for his own, personal purposes; rather than acting in the best interest of the company. *Flippo*, 262 Va. 48 at 57.

Defendants contend that the Trustee is without relief because the Debtors' bankruptcy filing did not cause Legacy Wealth Properties, LLC to be dissolved. Adv. Dkt. No. 11 at 8–9. This misses the issue: The Trustee is not contending that the Debtors' bankruptcy filing in a vacuum requires Legacy Wealth Properties to dissolve. Instead, the Trustee is asserting his right as a member to seek the company's dissolution because: (1) the business cannot practically continue to carry on its business; (2) the Operating Agreement contemplates the wind–up of the company based on the votes of the members; and (3) enforcement of the Operating Agreement or

the dissolution of the entity is necessary to protect the LLC, given the attempts being made to dissipate the company's assets. The Defendants' motion to dismiss Count III should be denied.

4.   **Count IV–V:[7] The Trustee Has Plausibly Alleged That the Transfer of the Colemans Lake Property for No Consideration to a Family Member was a Fraudulent Conveyance.**

In the Trustee's view, the Colemans Lake Property is owned by Legacy Wealth Properties, LLC. The property was never the subject of a valid transfer: It was owned by Legacy Wealth Properties on the Petition Date and Debtor Jerome Johnson did not have authority to sign documents post–petition as "managing member" to transfer the property to his mother after he filed bankruptcy. As a result, this Court should determine that the Colemans Lake Property can be administered by the Trustee. Paragraph 34 of the Operating Agreement of Legacy Wealth Properties permits the liquidation of Legacy Wealth Properties if 52% of the Members with participation units agree. Adv. Dkt. No. 11-1 at 8, ¶34. The Trustee owns 76 percent of the economic and participating interest in the LLC. *See* Adv. Dkt. No. 11-1 at 11. Thus, the Trustee can exercise this right for the benefit of the estate and liquidate the property.

The Trustee is aware that the members of Legacy Wealth Properties considered transferring title to the property to Mary Johnson in October 2016. Complaint, ¶45. At the time the consent was executed, the Debtors owed over $400,000 in assessed unpaid taxes. Complaint, ¶¶45–52. However, this transfer was never completed and as of the filing of the bankruptcy Petition, Legacy Wealth Properties remained the record owner. Complaint, ¶45.

The Debtors were subject to substantial debts, both at the time the consent was executed and through the filing of their bankruptcy. Throughout that time, the Operating Agreement gave the Debtors the right to liquidate the Colemans Lake Property at any time. Yet post-petition,

---

[7] The Defendants have not moved to dismiss Counts VI and VII of the Complaint, nor have they filed an Answer. However, the Trustee anticipates that some of the issues raised by the Defendants may apply to Counts VI and VII.

when it became clear the Trustee was seeking to administer the property, Mr. Johnson transferred

the property to his mother for no consideration.

It is unclear whether the Defendants contend that the Colemans Lake Property has been

validly transferred to Mary Ella Johnson. It is also unclear when the Defendants' claim she

obtained her purported "claim of ownership" in the property or the basis of that claim. *See* Dkt.

No. 11 at 7. However, at any times relevant to the Trustee's complaint, a transfer of the property

to her would be a fraudulent conveyance. Under Virginia Law, Courts look to the circumstances

surrounding a transfer, often called badges of fraud, to determine whether the transferor acted

with the actual intent to hinder, delay, or defraud creditors. *Zanderman, Inc. v. Sandoval (In re*

*Sandoval)*, 153 F.3d 722 (4th Cir.1998) (unpublished). The badges of fraud include:

> (1) A relationship between the debtor and the transferee; (2) Lack of
> consideration for the conveyance; (3) Debtor's insolvency or indebtedness; (4)
> Transfers of debtor's entire estate; (5) Reservation of benefits, control, or
> dominion by the debtor; (6) Secrecy or concealment of the transaction; and (7)
> Pendency or threat of litigation at the time of transfer.

*Smith v. Bowen (In re Bowen)*, 498 B.R. 584, 588 (Bankr. W.D. Va. 2013) (citing *In re Smoot*,

265 B.R. 128, 142 (Bankr. E.D. Va. 1999)).

Here, the Trustee has plausibly alleged that one or more of the badges of fraud are

present with respect to a transfer of the Coleman Lakes Property to Mr. Johnson's mother at a

time in which the Debtors were hundreds of dollars in debt and the Bankruptcy Trustee has filed

an adversary proceeding to recover the property.

Defendants contend that a conveyance of the Coleman Lake Property cannot be avoided

because the Debtors did not directly own the property—it was owned by the Debtors' LLC. Adv.

Dkt. No. 11 at 9. But the Bankruptcy Code adopts an expansive definition of "transfer." Pursuant

to 11 U.S.C. § 101(54)(D), "the term 'transfer' means each mode, direct or indirect, absolute or

conditional, voluntary or involuntary, of disposing of or parting with—(i) property; or (ii) an interest in property." The ability to set aside transfers includes not only direct property ownership but indirect and beneficial interests as well.

A fraudulent transfer within the meaning of the Bankruptcy Code can occur when a debtor directs an entity to convey assets to third parties. *See Lafarge North America, Inc. v. Poffenberger (In re Poffenberger)*, 471 B.R. 807, 817 (Bankr. D. Md. 2012) (finding conveyance of corporate assets by a debtor with multiple badges of fraud was a "transfer" within the meaning of the Bankruptcy Code for § 727 purposes); *Butler v. Wojtkun et al. (In re Wojtkun)*, 534 B.R. 435, 452–456 (Bankr. D. Mass. 2015) (finding that a chapter 7 trustee plausibly alleged a fraudulent conveyance recoverable under 11 U.S.C. §§ 544 and 548 where debtor's solely-owned corporation shifted salary payments from the debtor to the debtor's spouse and family members).

Plus, Defendants' argument, even if accepted, only applies to some of the Defendants. The Bankruptcy Estate had sued Legacy Wealth Properties, LLC by this adversary proceeding, seeking recovery of the Coleman Lake Property or a monetary award of at least $203,500.00. Complaint, ¶¶2, 35, 59, 69, 74, 80. The Bankruptcy Estate was a creditor of Legacy Wealth Properties by virtue of this suit. Virginia fraudulent transfer law would provide a party a cause of action against a defendant who, immediately upon being served a suit for significant damages, transferred property to a third parties for no consideration. *See* Va. Code § 55.1–400, 55.1–401; 55.1–404. Virginia Law would also provide a cause of action under those sections against any recipient of such a transfer. Va. Code § § 55.1-403. As a result, the Bankruptcy Estate has a direct cause of action against Legacy Wealth Property for its fraudulent transfer of the Coleman Lake Property as well as against Mary Ella Johnson, the recipient of that transfer.

**5.  If Necessary, The Court Should Grant Leave to Amend.**

The Trustee believes his claims are adequately set forth in the original complaint. But to the extent the Court believes necessary, it is appropriate to allow him an opportunity to amend his counterclaim in the event any count is insufficiently pled.

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Leave to amend should be granted unless there is a sufficient reason to deny leave, such as "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986); *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs generally receive "at least one opportunity to try to amend." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015).

The Trustee has pled claims with a basis in law and fact. Defendants do not appear to assert that the Trustee's factual contentions are disputed or that the factual issues are inadequately pled. Rather, the Defendants' position appears to be that there is no set of legal claims that would allow a bankruptcy trustee to administer real estate held by an LLC that a Debtor controls. But, to the extent the Court finds that additional facts may be required or different claims need to be alleged, the Trustee should be given the opportunity to amend.

Leave to amend is particularly appropriate to be given here, where the Debtors appear to have engaged in post–petition transactions in an attempt to defeat the Trustee's administration of the Colemans Lake Property that were undertaken after the Trustee's complaint was filed. Plus, the Trustee may have additional causes of action on the basis of this action, including seeking under 11 U.S.C. § 542 to recover Bankruptcy Estate property that was transferred post–petition.

The estate may also have causes of action under applicable state law against Legacy Wealth Properties or Mary Ella Johnson to set aside the transfer because Jerome Johnson lacked capacity to transfer the property because his membership interest in the LLC belonged to the Trustee.

CONCLUSION

WHEREFORE, the Plaintiff, Donald F. King, respectfully requests that this Court deny Defendants' Motion to Dismiss this Adversary Complaint and require them to Answer.

Respectfully submitted,

**DONALD F. KING, TRUSTEE**
By Counsel

By:      /s/ Bradley D. Jones
Bradley D. Jones (VSB No. 85095)
Counsel for Trustee
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: (703) 218-2176
Fax:    (703) 218-2160
Brad.Jones@ofplaw.com

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Fed. R. Civ. P. 5(b)(2)(E), made applicable to these adversary proceedings by Fed. R. Bankr. P. 7005, a true and accurate copy of the foregoing was sent on September 30, 2021 via Notice of Electronic Filing upon all registered users in the above captioned adversary proceeding pursuant to this Court's CM/ECF policy.


*/s/ Bradley D. Jones*

Bradley D. Jones (VSB No. 85095)
Counsel for Trustee
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: (703) 218-2176
Fax:    (703) 218-2160
        Brad.Jones@ofplaw.com

*Counsel to the Chapter 7 Trustee*

#5078747v1  031070/002806