Craig M. Palik, Esquire VSB #45728
Thuc-Doan Phan, Esquire VSB #92462
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com
dphan@mhlawyers.com
*Counsel to Defendants Emeri M. Johnson,*
*Gabrielle A. Johnson, and Legacy Wealth Properties, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | )<br>)<br>) |
| JEROME ALAN JOHNSON and<br>MICHELE ANITA JOHNSON,<br><br>Debtors. | )<br>)   Case No. 19-12437-BFK<br>)   Chapter 7<br>)<br>) |
| DONALD F. KING, TRUSTEE,<br><br>Plaintiff<br><br>v.<br><br>MARY ELLA JOHNSON,<br><br>EMERI M. JOHNSON,<br><br>GABRIELLE A. JOHNSON and<br><br>LEGACY WEALTH PROPERTIES, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Adv. Pro. No. 21-01046-BFK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO PERMIT INTERLOCUTORY**
**APPEAL OF THE MEMORANDUM AND ORDER GRANTING IN PART AND**
**DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

1

Emeri M. Johnson, Gabrielle A. Johnson and Legacy Wealth Properties, LLC (the "Defendants"), by and through undersigned counsel, hereby files this Motion to Permit Interlocutory Appeal of the Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Complaint entered by the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") on November 22, 2021 (the "Dismissal Order"), and states as follows:

The Motion is filed pursuant to 28 U.S.C. §§ 158(a)(3), (d)(2)(B)(ii), Fed. R. Bankr. P. 8001(b) and 8004(a). Fed. R. Bankr. P. 8004(a) provides in relevant part that a motion for leave to appeal under 28 U.S.C. § 158(a) shall contain (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions, and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment order or decree complained of and any opinion or memorandum relating thereto. This filing is responsive to those factors, and they are addressed below:

## I. FACTUAL STATEMENT

1. Jerome A. Johnson and his wife, Michele Anita Johnson, (collectively the "Debtors") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on July 25, 2019 (the "Petition Date"), case number 19-12437-BFK (the "Bankruptcy Case").

2. Donald F. King was appointed as interim Chapter 7 trustee in the Bankruptcy Case and has since been qualified as the permanent Chapter 7 trustee therein (the "Trustee").

3. Prior to the Petition Date, on August 31, 2015, the Debtors and Defendants Emeri M. Johnson and Gabrielle A. Johnson formed Legacy Wealth Properties, LLC ("Legacy Wealth").

4. According to the Operating Agreement for Legacy Wealth (the "Operating Agreement"), the membership interests in Legacy Wealth as of the Petition Date were as

follows: Jerome Johnson 52%, Michele Johnson 24%, Emeri M. Johnson 12% and Gabrielle A. Johnson 12%. Emeri M. Johnson and Gabrielle A. Johnson are not currently debtors in any bankruptcy proceeding, nor have they previously been debtors in any bankruptcy proceeding.

5. On October 29, 2016, all members of the Legacy Wealth signed a Consent to Action by Members without a Meeting to convey the Property back to Mary E. Johnson (it was previously owned by her) citing financial hardships and the inability to pay Mary E. Johnson for the Property as agreed upon at the time of the formation of Legacy Wealth. However, no deed was recorded among the land records of Dinwiddie County, Virginia to effect this transfer as of the Petition Date.

6. On July 22, 2021, the Trustee filed his Complaint against the Defendants. Distilled to its essence, the Complaint seeks to achieve one thing: to empower the Trustee to compel a sale of the real property located at 8815 Colemans Lake Rd., Ford, VA 23850 (the "Property") free and clear of Defendants' interests, notwithstanding that the Property is and/or was owned by a legal entity separate and independent of the Debtors and Defendants, i.e. it is not Property directly owned by any of the members.

7. As a means of achieving such a sale the Trustee filed a Complaint (the "Complaint"), Adv. Proc No. 21-1046 BFK (the "Adversary Proceeding") seeking in in pertinent part as it relates to this Motion, the dissolution of Legacy Wealth (*See* Complaint at Count III).

8. Defendants filed their Motion to Dismiss the Adversary Proceeding, including Count III, on September 9, 2021.

9. The Trustee Filed a Response on September 30, 2021 (the "Response").

10. Defendants filed their Reply on October 14, 2021 (the "Reply").

11.    Defendants argued in the Motion to Dismiss and Reply that under the Virginia Limited Liability Company Act, when a member of an LLC becomes a debtor in bankruptcy, that member is dissociated from the LLC. VA. Code Ann. § 13.1-1040.1(6)(a). When a member is dissociated from the LLC, their membership continues. However, the member will continue to hold the membership interest and have the same rights that an assignee of the membership interest would have under § 13.1-1039. VA. Code Ann. § 13.1-1040.2(A). Under section 13.1-1039(A), an assignment "does not entitle the assignee to participate in the management and affairs of the limited liability company or to become or exercise any rights of a member . . . such an assignment entitles the assignee to receive, to the extent assigned, only any share of profits and losses and distributions to which the assignor would be entitled." VA. Code Ann. § 13.1-1039(A). The Defendants further asserted that nothing in the Operating Agreement altered these statutory provisions, appending a copy of the Operating Agreement.

12.    The Defendants also cited a plethora of case law in support of this basic proposition of law arguing that the Trustee is an assignee of an economic interest and holds no power to call for a dissolution of Legacy Wealth or pursuant to Va. Code Ann. § 13.1-1047 or otherwise.  See *Garrison-Ashburn, L.C.* 253 B.R. 700, 707 (Bankr. E.D.VA. 2000) (a bankruptcy estate only has the rights of an assignee under § 13.1-1039 and thus unable to participate in the management of the LLC); *In re Nedrick*, Case No. 10-34772-KLP, 2017 WL 1207507 (Bankr. E.D.Va. Mar. 31, 2017) ("Virginia law does not vest the Trustee with [the managing member's] management rights solely by virtue of his having been appointed as her bankruptcy trustee."); *In re McCurnin*, 590 B.R. 729, 742 (Bankr. E.D.Va. 2018) (albeit in relation to a corporation, that holding that debtors in the case were stockholders of the corporation, not the corporation itself, and not owners of the assets of the corporation).

4

13. The matter was argued remotely before the Bankruptcy Court on October 26, 2021. At the conclusion of the hearing, the Bankruptcy Court took the matter under advisement.

14. On November 22, 2021, the Court issued its Order on the Motion to Dismiss (the "Dismissal Order") and ruled in favor of Trustee as it pertains to this Motion, allowing Count III for dissolution of Legacy Wealth to proceed. A copy of the Dismissal Order is attached as **Exhibit A**.

15. Defendants now seek leave of court to appeal to the United States District Court for the Eastern District of Virginia the Dismissal on an interlocutory basis, and in specific as to the Bankruptcy Courts denial of the Defendant's Motion to Dismiss Count III of the Complaint allowing the Trustee to pursue dissolution of Legacy Wealth.

**II. QUESTIONS TO BE PRESENTED UPON APPEAL AND RELIEF SOUGHT**

The question to be presented is "did the Bankruptcy Court err as a matter of law by allowing Count III for dissolution to survive the Defendant's Motion to Dismiss?"

The relief sought by the Defendants is to have the United States District Court for the Eastern District of Virginia overrule the Bankruptcy Court's determination that the Trustee has properly stated a cause of action for dissolution that is in direct conflict with the Virginia Limited Liability Company Act. It is a narrow question of law that will effectively decide the outcome of the case, and a question of law that the Defendant's believe was wrongfully decided by the Bankruptcy Court. The United States District Court should then remand the case to the Bankruptcy Court for further determinations in light of such ruling.

### III. REASONS WHY THE APPEAL SHOULD BE GRANTED

**A. Granting Leave to Appeal the Interlocutory Valuation Order is Appropriate under 28 U.S.C. § 1292(b).**

Because Fed. R. Civ. P. 8004(a) does not provide district courts with criteria to apply when determining whether to grant leave to appeal an interlocutory order under 28 U.S.C. § 158(a). Courts have applied the standards provided in 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from district courts to courts of appeals. *See, e.g., Charter Co. v. Prudential Ins. Co.* (*In re the Charter Co.*), 778 F.2d 617, 620 n. 5 (11th Cir.1985). Applying Section 1292 to bankruptcy court appeals, leave may be granted to appeal an interlocutory order if the Court determines the following:

(1) the order involves a controlling question of law;
(2) there is a substantial ground for difference of opinion; and
(3) an immediate appeal would materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).

In this case, Order of Dismissal addresses a discrete controlling issue of law insofar as it permits the Trustee to seek dissolution of Legacy Wealth, which in turn, would effectively result in the liquidation of the Property - to the extent of any ownership interest held by Legacy Wealth in the Property. For all intents and purposes, the ability of the Trustee to seek (or the Trustee's inability to seek) dissolution of Legacy Wealth, will be the dispositive ruling in this case. The issue is also likely to be decided against the interests of the Defendants at trial based upon the Bankruptcy Court's current ruling.

With respect to the grounds of a substantial difference of opinion, the majority of reported cases seemingly support the Defendant's position that the Trustee cannot exercise

governance rights in an LLC as an assignee of a dissociated member's interest.[1] The Trustee has cited to two *In re Virginia Broadband, LLC*, 498 B.R. 90 (Bankr. W.D. Va. 2013) and *In re Klingerman*, 388 B.R. 677 (Bankr. E.D. N.C. 2008) for the proposition that under section 541(c), a debtor's economic and non-economic rights in an LLC become property of the estate upon the filing of a bankruptcy petition. The Trustee further argues that these non-economic rights include the ability to seek dissolution of the LLC. This view in light of the weight of existing authority represents a minority view when considering that the Virginia Limited Liability Company Act is a uniform act adopted across multiple states in substantially similar form.

Lastly, an immediate appeal of the Dismissal Order would materially advance the ultimate determination of the litigation. If the Trustee can successfully seek dissolution of the LLC, it constitutes the only mechanism whereby the Trustee can *de facto* force the liquidation of the Property. If the Trustee cannot successfully seek liquidation of the LLC, the incentive of the Trustee to proceed with this case is diminished to the point where Defendants believe the Trustee is disincentivized from maintaining this action.

### B. Granting Leave to Appeal the Interlocutory Dismissal Order is Appropriate under the Cohen Doctrine.

In addition, the Cohen doctrine enunciated by the United States Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), creates

---

[1] See also *Northwest Wholesale, Inc. v. Pac Organic Fruit, LLC*, 184 Wash.2d 176, 190, n.10 (2015), rejecting *In re Klingerman* citing to cases in agreement with the majority approach taken and conclusions reached in *In re Garrison-Ashburn including: In re Albright,* 291 B.R. 538, 540 n. 7 (Bankr.D.Colo.2003) (bankruptcy estate is only entitled to receive the share of profits or other compensation by way of income and the return of the contributions to which that member would otherwise be entitled) *In re Western Asbestos Co.,* 313 B.R. 832, 844 (Bankr.N.D.Cal.2003) ("The Court views the meaning of 'property,' as used in 11 U.S.C. § 541(c)(1)(B), as something that may be sold or collected to generate funds to be distributed funds to creditors."); *In re A–Z Electronics, LLC,* 350 B.R. 886, 890 n. 12 (Bankr.D.Idaho 2006) (citing *Albright* with approval); *Fotouhi v. Mansdorf* 427 B.R. 798, 802 (Bankr.N.D.Cal.2010) (partner dissociated upon filing bankruptcy); *Milford Power Co. v. PDC Milford Power, LLC,* 866 A.2d 738, 759–61 (Del.Ch.2004) (holding that neither § 365 nor § 541 preempted state law provisions that deprive bankrupt members of governance rights).

7

an exception to the requirement that orders be final to be appealed and sets forth additional factors to be considered for determining whether leave may be granted to appeal an interlocutory order. The Cohen doctrine provides that three (3) factors must be present before an order can be reviewed. These factors include:

(1) the order must be independent and easily separable from the substance of the other claims in the action;
(2) it must present a need to secure prompt review in order to protect important interests of any party; and
(3) it must be examined in the light of practical, rather than narrowly technical, consideration.

In re Tidewater Group, Inc., 734 F.2d 794, 795–96 (11th Cir.1984).

In the instant case, the Dismissal Order, and the denial of dismissal of Court III, is independent and easily separable from the substance of the other claims in the action. Because the hearing held before the Bankruptcy Court on the Motion to Dismiss, concerned the issue of Trustee's ability to seek dissolution of the Legacy Wealth as a matter of law, there are no additional factual matters that would be the subject of review upon appeal. It is a purely legal matter capable of being decided finally at this stage of the case.

A prompt review of the Dismissal Order would protect important interests of the parties because the Dismissal Order, and the denial of dismissal of Court III, will be determinative of the trustee's ability to look beyond the independent legal existence of the LLC and to *de facto* force a liquidation of any interests of Legacy Wealth in the Property via dissolution. Absent such review, the interests of the Defendants would be adversely impacted in subsequent proceedings before the Bankruptcy Court and by the expenses to be incurred in defending the case. In other words, if the District Court overrules the bankruptcy court by determining that the Trustee lacks

as a matter of law the right to seek dissolution of the Legacy Wealth, this case quickly resolves itself.

Lastly, in light of a practical, rather than narrowly technical, consideration, the granting of leave to appeal the interlocutory Dismissal Order would be appropriate given that the balance of the case weighs almost exclusively, if not exclusively, on the right of the Trustee to seek dissolution. It also has the practical application of addressing a fairly common recurring scenario in chapter 7 cases where a debtor holds a memberbership interest in an LLC with other non-debtor members. In light of the Dismissal Order, Chapter 7 trustees will now pursue the dissolution of LLCs by commencing adversary proceedings going forward as a standard operating practice in these scenarios. Such is not the standard operating practice at the present time. As such, the issue of the right of the Trustee to compel dissolution should be conclusively and finally decided before other proceedings before the Bankruptcy Court are addressed. It is an important standalone legal issue that will be dispositive of the case and likely others.

## IV. CONCLUSION

In light of the foregoing, Defendants Emeri M. Johnson, Gabrielle A. Johnson and Legacy Wealth Properties, LLC respectfully request that leave be granted to appeal the Dismissal Order relative to Count III as entered by the United States Bankruptcy Court for the Eastern District of Virginia on November 22, 2021 to the United States District Court for the Eastern District of Virginia.

/s/ Craig M. Palik
_____
Craig M. Palik, Esq. (VSB # 45728)
Thuc-Doan Phan, Esquire (VSB No. 92462)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420 (v)
(301) 982-9450 (f)
cpalik@mhlawyers.com
dphan@mhlawyers.com

*Counsel to Defendants Emeri M. Johnson, Gabrielle A. Johnson and Legacy Wealth Properties, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify on December 6, 2021, that a true and correct copy of the foregoing Motion to Permit Interlocutory Appeal of the Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Complaint was served this day by electronic mail and by first class U.S. mail, postage prepaid, addressed as follows:

Donald F. King, Esquire
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
donking@ofplaw.com
*Plaintiff-Chapter 7 Trustee*

Bradley D. Jones, Esquire
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Brad.Jones@ofplaw.com
*Counsel for Plaintiff*

Mary Ella Johnson
8815 Colemans Lake Rd.
Ford, VA 23850
*Pro Se Defendant*

                                                                 /s/ Craig M. Palik

                                                                 Craig M. Palik