## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **JEROME ALAN JOHNSON** and | * | **Case No. 19-12437-BFK** |
| **MICHELE ANITA JOHNSON,** | * | Chapter 7 |
| | * | |
| Debtors. | * | |
| | * | |
| **DONALD F. KING, TRUSTEE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Adv. Proceeding No. 21-01046-BFK** |
| | * | |
| **MARY ELLA JOHNSON** | * | |
| 8815 Colemans Lake Rd. | * | |
| Ford, VA 23850 | * | |
| | * | |
| Defendant, | * | |
| | * | |
| **EMERI M. JOHNSON** | * | |
| 15338 Colonel Tansill Ct. | * | |
| Woodbridge, VA 22193-5888 | * | |
| | * | |
| Defendant, | * | |
| | * | |
| **GABRIELLE A. JOHNSON** | * | |
| 15338 Colonel Tansill Ct. | * | |
| Woodbridge, VA 22193-5888 | * | |
| | * | |
| Defendant, | * | |
| | * | |
| **LEGACY WEALTH PROPERTIES, LLC** | * | |
| 15338 Colonel Tansill Ct. | * | |
| Woodbridge, VA 22193-5888 | * | |
| | * | |
| Defendant. | * | |
| | * | |

Bradley D. Jones (VSB No. 85095)
ODIN, FELDMAN & PITTLEMAN, PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone:   703-218-2176
Fax:     703-218-2160
Brad.Jones@ofplaw.com

*Counsel for the Chapter 7 Trustee*

**TRUSTEE'S AMENDED COMPLAINT TO COMPEL DISSOLUTION OR OTHER APPROPRIATE
RELIEF AGAINST LEGACY WEALTH PROPERTIES, LLC OR TO SET ASIDE TRANSFERS**

COMES NOW Donald F. King, ("**Trustee**" or "**Plaintiff**") in his capacity as Trustee for the
Bankruptcy Estate of Jerome Alan Johnson and Michele Anita Johnson (the "**Bankruptcy
Estate**"), by and through its undersigned counsel, and files this complaint against Mary Ella
Johnson, Emeri M. Johnson, Gabrielle A. Johnson, and Legacy Wealth Properties, LLC to
compel dissolution or set aside transfers pursuant to 11 U.S.C. §§ 541, 544, 548, 550 and Va.
Code § 13.1-1047, 55.1-400, 55.1-401. Plaintiff alleges as follows:

<u>PARTIES</u>

1.      Plaintiff, Donald F. King, is the duly appointed chapter 7 trustee (the "**Trustee**").

2.      Defendant, Legacy Wealth Properties, LLC, is a Virginia Limited Liability
Company with its principal place of business located at 15338 Colonel Tansill Court,
Woodbridge, VA, 22193, which is the Debtors' address of record in the above captioned
bankruptcy case ("**Bankruptcy Case**"). At the time of the filing of the Bankruptcy Case, Legacy
Wealth Properties, LLC ("**Legacy Wealth Properties**") was the record owner of real property
located at 8815 Colemans Lake Rd., Ford, VA 23850 (the "**Colemans Lake Property**"). Other
than the Colemans Lake Property, Legacy Wealth Properties owns no other assets. The
Bankruptcy Estate is a beneficial co-owner of the Colemans Lake Property through its ownership
of an interest in Legacy Wealth Properties. The Debtor, Jerome Johnson, is the Registered Agent
of Legacy Wealth Properties in his capacity as the Member or Manager of the company.

3.      Defendant, Mary Ella Johnson, is a Virginia resident who resides at the Colemans
Lake Property, which is the real property at issue in this complaint.

4.      Defendant, Emeri M. Johnson, is an individual that upon information and belief
resides at 15338 Colonel Tansill Ct. Woodbridge, VA 22193-5888. Ms. Johnson is the Debtors'

daughter. Upon information and belief Emeri M. Johnson has a membership interest in Legacy Wealth Properties, LLC. Through her interest in Legacy Wealth Properties, LLC, Ms. Johnson either currently beneficially owns, or at one time owned, a co-ownership interest in the Colemans Lake Property through her ownership of an interest in Legacy Wealth Properties.

5.      Defendant, Gabrielle A. Johnson, is an individual that upon information and belief resides at 15338 Colonel Tansill Ct. Woodbridge, VA 22193-5888. Ms. Johnson is the Debtors' daughter. Upon information and belief Gabrielle A. Johnson has a membership interest in Legacy Wealth Properties, LLC. Through her interest in Legacy Wealth Properties, LLC, Ms. Johnson either currently beneficially owns, or at one time owned, a co-ownership interest in the Colemans Lake Property through her ownership of an interest in Legacy Wealth Properties.

<u>**JURISDICTION**</u>

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (M), (N), and (O).

<u>**BACKGROUND**</u>

9.      Jerome Alan Johnson and Michele Anita Johnson (the "**Debtors**") filed a voluntary petition under chapter 7 of Title 11 of the United States Code on July 25, 2019. Mr. Johnson is the Member or Manager of a Virginia limited liability company listed in the records of the Virginia State Corporation Commission as "Legacy Wealth Properties LLC." Mr. Johnson serves as the company's Registered Agent. Legacy Wealth Properties owns the Colemans Lake Property and aside from that property owns no other assets.

10.      The Debtors' Statement of Financial Affairs lists an ownership interest in Legacy Wealth Properties, describing the nature of the business as "Ownership of home in which

Husband-Debtor's mother resides. No EIN is provided. Bankr. Dkt. No. 15 at 84.

11.     The property tax records for Dinwiddie County Virginia list Legacy Wealth

Properties as the owner of a property located at 8815 Colemans Lake Road, Ford, VA 23850.

The Colemans Lake Property is a three–bedroom, one–bathroom house with 1,360 square feet on

approximately 13.3 acres of land. The Zillow estimate of its value is $203,500.00.

12.     The Colemans Lake Property is further described as:

> ALL that certain lot of land, piece or parcel of land with all improvements thereon belonging, lying and being situated in Namozine District, Dinwiddie County, Virginia, containing thirteen and three-tenths (13.3) acres more or less, by actual survey, as shown on a certain map of the same and other land, made by W.G. Chappell, C.L.S., Dinwiddie. Virginia, dated November 16, 1960, (Revised August 8, 1961, to show Part "C" and August l2, 1964, to show Part "D", according to the legend on said map), which map is attached to and made a part of a deed from Darcy P. Grigg and Mary L. Grigg, his wife, to William W. Gilliam, dated September 21, 1964, recorded April 8, 1966, Clerk's Office, Circuit Court, County of Dinwiddie, Virginia, in Deed Book 127, Page 152 and to which map reference is hereby made for a more particular metes and bounds description of said property; the said lot, tract, piece or parcel of land being designated on said map as the "Remainder 13.3 acres more or less" and being a part of the Pick Pocket Tract, and being bounded and described, as shown on said map as follows:

> On the North by land designated on said map as "Part 2 of Part D; on the East by certain land of Maude H. Mallory, on the South by certain land designated as "Part A" and on the West by Virginia State Highway No. 624, generally known as Coleman's Lake Road and/or South Street, formerly known and designated as Mill Road.

> Being the same real estate which was conveyed to Legacy Wealth Properties, LLC by Mary E. Johnson, widow, and Ramona Johnson Howard by general warranty deed dated September 12, 2015 and recorded on September 16, 2015 as Instrument #150002608 in the Clerk's Office, Circuit Court, of the County of Dinwiddie.

13.     The Debtors claim that Legacy Wealth Properties transferred its ownership of the

Colemans Lake Property.

- 4 -

14.    In support the Debtors provided to the Trustee a Consent to Action by Members Without a Meeting ("**Consent**") purportedly executed on October 29, 2016.

15.    The Consent was signed by the Debtors, Emeri M. Johnson and Gabrielle A. Johnson.

16.    The Consent resolves that "due to financial hardships and the inability to pay Mary Ella Johnson for the property located in Dinwiddie County, Virginia as agreed upon at the time of the formation of Legacy Wealth Properties, LLC, 100% (one hundred percent) of the property is signed back over to Mary Ella Johnson. All four Members relinquish any and all rights to the said property to Mary Ella Johnson."

17.    However, Legacy Wealth Properties never transferred Colemans Lake Property and, as of the date of the filing of the Bankruptcy Case continued to own the real estate.

18.    The Trustee on behalf of the Bankruptcy Estate is seeking to sell the Debtors' interest in Legacy Wealth Properties, LLC and the Colemans Lake Property.

19.    Despite the Bankruptcy Estate's interest in Legacy Wealth Properties, the Debtors have attempted—apparently in response to the Trustee's adversary proceeding—to transfer the company's only asset for no consideration.

20.    Legacy Wealth Properties is governed by an operating agreement ("**Operating Agreement**"). Under the Operating Agreement the Debtor, Jerome Johnson, is the Managing Member of the entity.

21.    As Managing Member, Mr. Johnson oversees and approves Legacy Wealth Properties' "business and affairs;" is responsible for approving "all significant decisions and transaction of or affecting the company," including any transactions in excess of $1,000.00; and is entitled to "exercise complete and exclusive control of the management of the Company's

business and affairs."

22.     According to an exhibit attached to the Operating Agreement, the Debtors

collectively own 76% of both the economic and participating interest in Legacy Wealth

Properties. Jerome Johnson's interest accounts for 52% of the company and Michele Anita

Johnson owns 24%. The Debtors' two children each own the remaining 24% equally.

23.     Upon the filing of the Debtors' bankruptcy petition, the Bankruptcy Estate owns

all of the Debtors' legal and equitable interests in property, including the Debtors' membership

interests in Legacy Wealth Properties. *See* 11 U.S.C. § 541; *see also In re Allen*, 415 B.R. 310,

316 (Bankr. N.D. Ohio 2009) (holding a bankruptcy trustee can "stand in the debtor's shoes" and

exercise legal and contractual rights held by the debtor at the commencement of the case).

24.     As a result, due to the Debtors' ownership interests at the time the Bankruptcy

Case was filed, the Bankruptcy Estate owns 76% of the economic and participation interests in

the company.

25.     The Operating Agreement of Legacy Wealth Properties, LLC, at Paragraph 34,

permits the entity to be wound–up upon the agreement of 52% of the Members with Participation

Units consenting to its termination. *See* Adversary Proceeding Dkt. No. 11–1 at 8, ¶34. Here the

Bankruptcy Estate owns 76% of the Participation Units.

26.     The Trustee either has exercised this right to wind–up the entity or has the right to

exercise the ability to wind–up the entity pursuant to Paragraph 34 of the Operating Agreement.

27.     Because the Debtors' interest in Legacy Wealth Properties is an asset of the

Bankruptcy Estate that the Trustee believes he can administer for the benefit of creditors, the

Trustee filed an Adversary Proceeding to enable him to administer this asset. Adv. Dkt. No. 1.

The Adversary Proceeding was filed on July 22, 2021. Adv. Dkt. No. 1.

28.     On July 28, 2021—just six days after the Trustee filed this adversary proceeding—the Debtor Jerome Johnson executed a gift deed on behalf of Legacy Wealth Properties, LLC, purporting to convey the Colemans Lake Property to Mary E. Johnson[1] for nominal consideration of $1.00.

29.     Jerome Johnson signed the Deed of Gift, purportedly on behalf of Legacy Wealth Properties, LLC as its Managing Member.

30.     However, Mr. Johnson had no authority to execute the Deed of Gift without the Trustee's authorization because all of Mr. Johnson's legal and equitable rights in Legacy Wealth Properties, LLC were property of his Bankruptcy Estate and could only have been exercised by the Trustee.

30.     The Deed of Gift executed by Jerome Johnson was ineffective and the Colemans Lake Property continues to be owned by Legacy Wealth Properties, LLC.

31.     Mr. Johnson's attempted transfer was an effort to frustrate the Trustee's administration of the estate and hinder, delay, or defraud the Trustee and creditors of the Bankruptcy Estate.

32.     Mr. Johnson's attempted transfer of the Colemans Lake Property was invalid either because he was disassociated from Legacy Wealth Properties, LLC by virtue of his personal bankruptcy filing, or alternatively; any rights he had to transfer the Colemans Lake Property were property of his Bankruptcy Estate and could only be executed by the Trustee.

---

[1] The original gift deed purported to convey the Colemans Lake Property to "Mary E. Washington" but Jerome Johnson executed and recorded a Correction Gift Deed a few hours later to correct the purported grantee to "Mary E. Johnson." Both the original gift deed and the corrected gift deed were prepared by John B. Chappell, Esq. and note that a title search was not done by the deed preparer.

**COUNT I**
**(AGAINST ALL DEFENDANTS)**
**ACTION TO COMPEL DISSOLUTION**
**OF LEGACY WEALTH PROPERTIES, LLC**
**UNDER VA. CODE § 13.1-1047 AND 11 U.S.C. § 541**

33.  The Plaintiff incorporates the allegations set forth in paragraphs 1 through 32.

34.  Pursuant to 11 U.S.C. § 541, on the filing of a bankruptcy petition, the Debtors' interest in any non-exempt litigation claim actions belong to the Bankruptcy Estate and may be brought by the Trustee.

35.  As a result, the Trustee may bring claims available to the Debtors to wind-up and dissolve Legacy Wealth Properties, LLC for the benefit of the LLC and its members.

36.  Pursuant to Va. Code Ann. § 13.1-1047, on application by a member of a Virginia Limited Liability Company, a Court may decree dissolution of a limited liability company if it is not reasonably practicable to carry on the business in conformity with the articles of organization and any operating agreement.

37.  Due to financial hardship and the inability of Legacy Wealth Properties, LLC to pay its debts, it is not reasonably practicable to carry on the business of the company.

38.  Pursuant to Virginia Code § 13.1–1023(C)(1) the Court may also issue an injunction or other relief to enforce the terms of an LLC's operating agreement if the Court in its discretion determines such relief "to be fair and appropriate in the circumstances."

39.  The Court's equitable powers under Virginia Code § 13.1–1023(C)(1) include the ability of the Court to appoint a new manager for the limited liability corporation or to issue other equitable orders to enforce the Operating Agreement and accord relief.

40.  Here, the Debtors' purported managing member, the Debtor Jerome Johnson, has attempted to transfer the primary asset of Legacy Wealth Properties, LLC to a family member for

no consideration in an attempt to defeat the terms in Paragraph 34 of the Operating Agreement, which enables the wind–up of the LLC.

41.     An injunction is appropriate under Virginia Law where an LLC's manager breaches his fiduciary duties and transfers assets for his own, personal purposes; rather than acting in the best interest of the company. *See Flippo v. CSC Assocs. III, L.L.C.*, 262 Va. 48, 56–57. (2001).

42.     Pursuant to Virginia Code § 13.1–1023(C)(2), the Court may also order the dissolution of a Virginia Limited Liability Company where the provisions of its operating agreement have been violated, as an alternative to injunctive or other equitably relief.

43.     Here, Legacy Wealth Properties is not acting in accordance with its Operating Agreement. As a result of the actions that occurred, the Court should issue appropriate equitable relief against the Defendants to preserve the Bankruptcy Estate's economic and non-economic interests in Legacy Wealth Properties, LLC. These actions may include: (1) authorizing the Trustee to monetize the assets of Legacy Wealth Properties, LLC; (2) ordering the return of assets improperly transferred from or received by Legacy Wealth Properties, LLC, including the Colemans Lake Property; (3) authorizing the Trustee to bring any and all litigation claims of Legacy Wealth Properties, LLC; and (4) appoint a manager to oversee the wind–up of Legacy Wealth Properties, LLC and/or authorizing the Trustee to wind–up the company pursuant to Va. Code Ann. § 13.1-1048 and distribute the proceeds to any creditors of the company and its members pursuant to Va. Code Ann. § 13.1-1049.

Wherefore, Donald F. King, Trustee requests entry of a judgment pursuant to 11 U.S.C. § 541 and Va. Code Ann. § 13.1-1047 authorizing the Trustee to wind-up Legacy Wealth Properties, LLC; issue appropriate injunctive relief; sell the Colemans Lake Property upon

presentation of a ratified contract of sale and motion for approval of that contemplated sale and to distribute the proceeds to the company's creditors and members.

## COUNT II
### (AGAINST ALL DEFENDANTS)
### IN THE ALTERNATIVE, RECOVERY OF PROPERTY UNDER VIRGINIA LAW
### VOIDABLE ACTUALLY FRAUDULENT TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 544(b)(1), 550 & VA. CODE ANN. § 55.1-400

44.     The Plaintiff incorporates the allegations set forth in paragraphs 1 through 43.

45.     The Trustee does not believe that the Debtors or Legacy Wealth Properties ever transferred their interests in the Colemans Lake Property, but in the event the transfer occurred, the transfer of the Debtors' economic value or membership interests in Legacy Wealth Properties is avoidable.

46.     Pursuant to 11 U.S.C. § 544(b)(1), the Plaintiff may avoid any transfer of interest of the Debtors in property that is voidable under state law by a creditor holding an allowable unsecured claim.

47.     On October 29, 2016, the date the Consent was allegedly executed, the Debtors were indebted to one or more creditors holding an allowable unsecured claim (the "**Pre-Transfer Creditors**").

48.     Those creditors specifically include the Internal Revenue Service, the City of Portsmouth, the Commonwealth of Virginia, Bank of America, and the Comptroller of Maryland.

49.     The Internal Revenue Service filed a proof of claim in this case. Claim 7–1. That proof of claim discloses that the IRS is owed unpaid income tax for tax years 2010, 2011, 2012, 2013, and 2014. Claim 7–1 at 5. The total income tax owed for these years total $332,567.40, not including interest.

50.     At the time the Consent was allegedly executed, the Debtors knew that they owed unpaid taxes because the IRS had entered an assessment for the unpaid taxes for each of these tax years prior to October 29, 2016. Claim 7–1 at 5.

51.     The IRS's proof of claim also discloses that the Debtors were assessed civil penalties on November 12, 2012 for the 2nd, 3rd, and 4th Quarters of 2007; the 1st, 2nd, 3rd, and 4th Quarters of 2008; the 1st, 2nd, 3rd, and 4th Quarters of 2009; and the 1st, 3rd, and 4th Quarters of 2012. Claim 7–1 at 4.

52.     The tax due for these civil penalties at the time the Consent was purportedly executed totals $177,364.52, not including additional interest amounts. The amount remains owing to the Internal Revenue Service. Claim 7–1 at 4.

53.     The Debtors were experiencing financial hardships at the time the Consent was executed.

54.     The Debtors' purported relinquishment of "any and all rights" to the Colemans Lake Property in favor of Mary Ella Johnson was a transfer of the Debtors' interest in property.

55.     This transfer described in Paragraph 54 was a conveyance given with the intent to delay, hinder or defraud creditors within the meaning of Va. Code Ann. § 55.1-400 and, pursuant to that section, that transfer is voidable by unsecured creditors who were owed money by the Debtor on the date of the transfer, including each of the Pre-Transfer Creditors.

56.     The Debtors' execution of the Consent was also a transfer of the Debtors' economic or membership rights in Legacy Wealth Properties, LLC, including the Debtors' interest in the property.

57.     The transfers described in Paragraph 54 and Paragraph 56 were conveyances given with the intent to delay, hinder or defraud creditors within the meaning of Va. Code Ann.

§ 55.1-400 and, pursuant to that section, that transfer is voidable by unsecured creditors who were owed money by the Debtor on the date of the transfer, including each of the Pre-Transfer Creditors.

58.     The transfers are thus avoidable by the Plaintiff pursuant to 11 U.S.C. § 544(b)(1) and Va. Code Ann. § 55.1–400 and Va. Code Ann. § 55.1–404.

59.     To the extent the transfers are avoided, the Plaintiff, on behalf of the Bankruptcy Estate, may recover the economic value of the Debtors' membership and economic interests in Legacy Wealth Properties, LLC, pursuant to 11 U.S.C. § 550(a) and Va. Code Ann. § 55.1–400.

60.     In addition, Legacy Wealth Properties, LLC was a defendant when this adversary proceeding was filed by the Trustee on July 22, 2021.

61.     Just days after the adversary proceeding was filed, Legacy Wealth Properties, LLC through its purported Managing Member, Jerome Johnson, transferred or attempted to transfer the Colemans Lake Property to Defendant, Mary Ella Johnson mother for no consideration.

62.     The Bankruptcy Estate's pre and post-petition litigation claims—including its fraudulent conveyance claims against Legacy Wealth Properties, LLC related to the Consent and against Mary Ella Johnson as the recipient of that transfer—are property of the estate pursuant to 11 U.S.C. §§ 541(a)(1) and (a)(7).

63.     The Bankruptcy Estate has been damaged in an amount equal to the value of the transfers, plus attorney's fees, and costs of suit and collection.

64.     Pursuant to Va. Code Ann. § 55.1–403, the Bankruptcy Estate is entitled to an award of attorney's fees if the transfers are declared void. In addition, the Court may assess sanctions, including such attorney fees, against all parties over which it has jurisdiction who,

with the intent to defraud and having knowledge of the judgment, participated in the conveyance.

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) avoiding the transfers described in Paragraph 54 and Paragraph 56 pursuant to 11 U.S.C. § 541(a)(7), 544 and Va. Code Ann. §§ 55.1–400, 55.1–403, 55.1–404; (b) awarding judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550 and Va. Code Ann. § 55.1-404 in the amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs, as appropriate; (c) awarding attorney's fees pursuant to Va. Code Ann. § 55.1–403; and (d) granting such other relief as this Court deems appropriate.

**COUNT III**
**(AGAINST ALL DEFENDANTS)**
**IN THE ALTERNATIVE, RECOVERY OF PROPERTY UNDER VIRGINIA LAW**
**VOIDABLE CONSTRUCTIVELY FRAUDULENT TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 544(b)(1), 550 & VA. CODE ANN. § 55.1-401**

65.     The Plaintiff incorporates the allegations set forth in paragraphs 1 through 64.

66.     The Trustee does not believe that the Debtors ever transferred their interests in Legacy Wealth Properties, LLC, but in the event the transfer occurred, the transfer is avoidable.

67.     Pursuant to 11 U.S.C. § 544(b)(1), the Plaintiff may avoid any transfer of interest of the Debtor in property that is voidable under state law by a creditor holding an allowable unsecured claim.

68.     On October 29, 2016, the date the Consent was allegedly executed, the Debtors were indebted to one or more of the Pre-Transfer Creditors.

69.     The Debtors were experiencing financial hardships at the time the Consent was executed.

70.     The transfers described in described in Paragraph 54 and Paragraph 56 were conveyances which were not upon consideration deemed valuable in law or were by an insolvent

transferor or were by a transferor who was rendered insolvent by the conveyance or transfer within the meaning of Va. Code Ann. § 55.1-401.

71.     The transfers are thus avoidable by the Plaintiff pursuant to 11 U.S.C. § 544(b)(1) and Va. Code Ann. § 55.1–401 and Va. Code Ann. § 55.1–404.

72.     To the extent the transfers are avoided, the Plaintiff, on behalf of the Bankruptcy Estate, may recover the transferred property or the value of the transferred property from the Defendants pursuant to 11 U.S.C. § 541(a)(7), 550(a) and Va. Code Ann. § 55.1–401.

73.     The Bankruptcy Estate has been damaged in an amount equal to the value of the transfers, plus attorneys' fees, and costs of suit and collection.

74.     Pursuant to Va. Code Ann. § 55.1–403, the Bankruptcy Estate is entitled to an award of attorney's fees if the transfers are declared void. In addition, the Court may assess sanctions, including such attorney fees, against all parties over which it has jurisdiction who, with the intent to defraud and having knowledge of the judgment, participated in the conveyance.

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) avoiding the transfers described in Paragraph 54 and Paragraph 56 pursuant to 11 U.S.C. § 544 and Va. Code Ann. §§ 55.1–401, 55.1–403, 55.1–404; (b) awarding judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550 and Va. Code Ann. § 55.1-404 in the amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs, as appropriate; (c) awarding attorney's fees pursuant to Va. Code Ann. § 55.1–403; and (d) granting such other relief as this Court deems appropriate.

## COUNT IV
### (AGAINST ALL DEFENDANTS)
### IN THE ALTERNATIVE RECOVERY OF PROPERTY
### ACTUALLY FRAUDULENT TRANSFER
### PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A), 550

75.     The Plaintiff incorporates the allegations set forth in paragraphs 1 through 74.

76.     The Trustee does not believe that the Debtors ever transferred their membership or economic interests in Legacy Wealth Properties, LLC, but in the event the transfer occurred, the transfer is avoidable.

77.     The transfer of the Debtors' interest in Legacy Wealth Properties, LLC, as described in described in Paragraph 54 and Paragraph 56, were made with actual intent to hinder, delay, or defraud creditors to whom the Debtors were indebted at the time of the transfers and to whom the Debtors became indebted to after the date of the transfers.

78.     The Bankruptcy Estate has been damaged in an amount equal to the value of the transfers, plus attorneys' fees, and costs of suit and collection.

79.     To the extent the transfers are avoided, the Plaintiff, on behalf of the Bankruptcy Estate, may recover the transferred property or the value of the transferred property from the Defendants pursuant to 11 U.S.C. § 550(a).

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) avoiding the transfers described in Paragraph 54 and Paragraph 56 pursuant to 11 U.S.C. § 548; (b) awarding judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550 in the amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs, as appropriate; and (c) granting such other relief as this Court deems appropriate.

## COUNT V
### (AGAINST ALL DEFENDANTS)
### RECOVERY OF PROPERTY
### CONSTRUCTIVELY FRAUDULENT TRANSFER
### PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B), 550

80.    The Plaintiff incorporates the allegations set forth in paragraphs 1 through 79.

81.    The Trustee does not believe that the Debtors ever transferred their interests in Legacy Wealth Properties, LLC, but in the event the transfer occurred, the transfer is avoidable.

82.    The Debtors received less than reasonably equivalent value in exchange for the transfer of the Debtors' interest in Legacy Wealth Properties, LLC, as described in described in Paragraph 54 and Paragraph 56.

83.    The transfers were made while the Debtors were insolvent or the Debtors became insolvent as a result of the transfers.

84.    The Bankruptcy Estate has been damaged in an amount equal to the value of the transfers, plus attorneys' fees, and costs of suit and collection.

85.    To the extent the transfers are avoided, the Plaintiff, on behalf of the Bankruptcy Estate, may recover the transferred property or the value of the transferred property from the Defendants pursuant to 11 U.S.C. § 550(a).

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) avoiding the transfers described in Paragraph 54 and Paragraph 56 pursuant to 11 U.S.C. § 548; (b) awarding judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550 in the amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs, as appropriate; and (c) granting such other relief as this Court deems appropriate.

## COUNT VI
### (AGAINST ALL DEFENDANTS)
### PROCEEDING TO DETERMINE AUTHORIZATION TO TRANSFER REAL PROPERTY PURSUANT TO APPLICABLE VIRGINIA LAW AND Fed. R. Bankr. P. 7001(2) & (9)

86.     The Plaintiff incorporates the allegations set forth in paragraphs 1 through 85.

87.     Legacy Wealth Properties owned the Colemans Lake Property at the time the Debtors' Bankruptcy Case was filed. However, in July 2021—just days after the adversary proceeding was filed—Jerome Johnson purportedly acting as Managing Member caused Legacy Wealth Properties to attempt to transfer the Colemans Lake Property to his mother (Defendant, Mary Ella Johnson) for no consideration.

88.     The Trustee does not believe that the Legacy Wealth Properties ever validly transferred its interests in the Colemans Lake Property.

89.     The Debtor, Jerome Johnson, had no authority to transfer the Colemans Lake Property on behalf of the LLC because the Trustee was the majority owner of the membership interests of the LLC at the time of the attempted July 2021 transfer.

90.     Upon the filing of the Debtors' bankruptcy case, the Trustee is the majority owner of the membership interests.

91.     The Trustee never consented or authorized any transfer of the Colemans Lake Property by Legacy Wealth Properties.

92.     As a result, the July 2021 transfer of the property, was unauthorized under applicable state law.

93.     Because the transfer was unauthorized, the July 2021 transfer of the Colemans Lake Property was invalid, along with any other transfers of the Colemans Lake Property that were attempted to be made after July 25, 2019—the date the Debtors filed their voluntary chapter 7 bankruptcy petition.

94.      Pursuant to 11 U.S.C. § 541(a) and applicable state law this Court has authority to determine the Bankruptcy Estate's rights and interests in property, including the Estate's rights in the membership interests of Legacy Wealth Properties and to determine under Virginia Law whether any post-petition transfer of the Colemans Lake Property by Legacy Wealth Properties was authorized or validly occurred.

95.      Under Federal Rule of Bankruptcy Procedure 7001(2) and (9), this Court can enter a declaratory judgment to determine the extent of the Bankruptcy Estate's interest in property, including the Trustee's rights as majority owner of the membership interests of the LLC under applicable state law.

Wherefore, Donald F. King, Trustee requests entry of a judgment: (a) determining that the transfer of real property in July 2021—or any other post-petition transfer or transfers—were not authorized under applicable state law; (b) awarding judgment in favor of the Plaintiff and against the Defendants; and (c) granting such other relief as this Court deems appropriate.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays (1) pursuant to Va. Code § § 13.1-1047 for this Court to order relief permitting the wind-up of Legacy Wealth Properties, LLC; (2) to set aside any transfer of the Debtors' interests in Legacy Wealth Properties, LLC or regarding the Colemans Lake Property through the October 29, 2016 Consent pursuant to Va. Code § 55.1-400, 55.1-401 and 11 U.S.C. §§ 544, 548, and 550; (3) to determine that the transfer of real property in July 2021—or any other post-petition transfer or transfers of the Colemans Lake Property—were not authorized under applicable state law; and (4) enter judgment in favor of the Trustee and against the Defendants in an amount of at least $203,500.00 plus pre- and post-judgment interest and legal fees and costs

Respectfully submitted,

**DONALD F. KING, TRUSTEE**
By Counsel

By:  _____/s/ Bradley D. Jones_____
Bradley D. Jones (VSB No. 85095)
Counsel for Trustee
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: (703) 218-2176
Fax:    (703) 218-2160
Brad.Jones@ofplaw.com

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Fed. R. Civ. P. 5(b)(2)(E), made applicable to these adversary proceedings by Fed. R. Bankr. P. 7005, a true and accurate copy of the foregoing was sent on February 8, 2022 via Notice of Electronic Filing upon all registered users in the above captioned adversary proceeding pursuant to this Court's CM/ECF policy. A copy was also sent by first–class mail to:

Craig M. Palik
Thuc-Doan Tran Phan
MCNAMEE HOSEA
6411 Ivy Lane Suite 200
Greenbelt, MD 20770

*Counsel for Emeri M. Johnson, Gabrielle A. Johnson, Legacy Wealth Properties, LLC, & Mary Ella Johnson*

_____ */s/ Bradley D. Jones* ___
Bradley D. Jones (VSB No. 85095)
Counsel for Trustee
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: (703) 218-2176
Fax:    (703) 218-2160
        Brad.Jones@ofplaw.com

*Counsel to the Chapter 7 Trustee*

#5175689v1  031070/002806