IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **JEROME ALAN JOHNSON** and | * | **Case No. 19-12437-BFK** |
| **MICHELE ANITA JOHNSON,** | * | Chapter 7 |
| | * | |
| Debtors. | * | |
| | * | |
| **DONALD F. KING, TRUSTEE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Adv. Proceeding No. 21-01046-BFK** |
| | * | |
| **MARY ELLA JOHNSON**, *et al.* | * | |
| | * | |
| Defendants. | * | |
| | * | |

**TRUSTEE'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

COMES NOW Donald F. King, ("**Trustee**" or "**Plaintiff**") in his capacity as Trustee for the Bankruptcy Estate of Jerome Alan Johnson and Michele Anita Johnson (the "**Bankruptcy Estate**"), by and through his undersigned counsel, and files this Motion for Leave to Amend his Complaint ("**Motion for Leave to Amend**") in the above captioned adversary proceeding. The Trustee seeks to amend his complaint to add an additional defendant: Ramona Johnson-Howard. The Trustee learned in discovery that an additional transfer of the Colemans Lake Property was made after the filing of this adversary proceeding. On October 6, 2021, after the filing and service of the complaint, Mary Ella Johnson attempted to transfer the Coleman Lake Property to her daughter, Ramona Johnson-Howard, for nominal consideration by a gift deed.

Bradley D. Jones (VSB No. 85095)
ODIN, FELDMAN & PITTLEMAN, PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: (703) 218-2176
Fax:    (703) 218-2160
Brad.Jones@ofplaw.com

*Counsel for the Chapter 7 Trustee*

This motion is filed pursuant to Rule 15 of the Federal Rules of Civil Procedure as incorporated by Rule 7015 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7015-1. In support, the Trustee states as follows:

**Procedural Background**

1. This case involves a dispute over the Trustee's efforts to monetize the Bankruptcy Estate's interest in an LLC that, at the time of the filing of the Bankruptcy Case, owned an unencumbered piece of real property located at 8815 Colemans Lake Rd. in Ford, VA (the "**Colemans Lake Property**").

2. The Colemans Lake Property is a three–bedroom, one–bathroom house in Dinwiddie County Virginia, worth approximately $203,500.

3. Because the Debtors' interest in Legacy Wealth Properties and their beneficial interest in the Colemans Lake Property is an asset of the Bankruptcy Estate that the Trustee believes he can administer for the benefit of creditors, the Trustee filed an Adversary Proceeding to enable him to monetize the Estate's interest. Adv. Dkt. No. 1.

4. The Adversary Proceeding was filed on July 22, 2021. Adv. Dkt. No. 1.

5. Mary Ella Johnson, and each of the other defendants, were properly served with the summons, complaint, and initial scheduling order on July 27, 2021. Adv. Dkt. No. 5.

6. On July 28, 2021—six days after the Trustee filed this adversary proceeding—the Debtor, Jerome Johnson, executed a gift deed on behalf of Legacy Wealth Properties, LLC, purporting to convey the Colemans Lake Property to Mary E. Johnson[1] for nominal

---

[1] The original gift deed purported to convey the Colemans Lake Property to "Mary E. Washington" but Jerome Johnson executed and recorded a Correction Gift Deed a few hours later to correct the purported grantee to "Mary E. Johnson." Both the original gift deed and the corrected gift deed were prepared by John B. Chappell, Esq. and note that a title search was not done by the deed preparer.

consideration of $1.00.

7. Jerome Johnson signed the Deed of Gift, purportedly on behalf of Legacy Wealth Properties, LLC as its Managing Member.

8. After the Trustee learned that Jerome Johnson attempted to transfer the Colemans Lake Property as a result of that transfer, he sought leave to amend his complaint. Adv. Dkt. No. 31.

9. The Defendants filed a limited objection, which the Court resolved by permitting an amended complaint to be filed in accordance with the Court's order. Adv. Dkt. Nos. 40, 43.

10. Defense counsel entered a notice of appearance for Mary Ella Johnson on February 1, 2022.

11. The Trustee's First Amended Complaint was filed on February 8, 2022 (the "First Amended Complaint"). Adv. Dkt. No. 50.

12. In the course of discovery and in pursuing his own due diligence regarding the Colemans Lake Property, the Trustee has learned that Mary Ella Johnson attempted to make an additional transfer of the Colemans Lake Property after the adversary proceeding was filed.

13. On October 6, 2021, Mary Ella Johnson executed a deed of gift,[2] purporting to transfer the Colemans Lake Property to her daughter, Ramona Johnson-Howard for nominal consideration. A copy of this gift deed is attached as **Exhibit A**.

14. Mary Ella Johnson provided interrogatory responses to the Trustee on May 3, 2022. Those interrogatory responses state that the October 6, 2021 transfer was made "for estate planning purposes." However, no estate planning documents, wills, or other supporting documentation has been produced in discovery. Ms. Johnson also did not produce any

---

[2] This Deed of Gift was also prepared by John B. Chappell, Esq.

communications or other documentation to explain the transfer. In fact, in her May 3, 2022 response to the Trustee's request for production of documents, Mary Ella Johnson explains that she "does not know if Ramona Johnson-Howard had any knowledge of any transfers regarding the property," though she also states that she "did speak to Ramona Johnson-Howard concerning the transfer, but she did not put her discussion in writing."

15. The Trustee had no ability to know about these facts before these discovery responses were provided. The Trustee contends that the Debtor, Jerome Johnson, had no authority to transfer the Colemans Lake Property without the Trustee's authorization because all of Mr. Johnson's legal and equitable rights in Legacy Wealth Properties, LLC were property of his Bankruptcy Estate and could only have been exercised by the Trustee. Similarly, Defendant Mary Ella Johnson lacked authority to make subsequent transfers of the property because the Colemans Lake Property was never validly transferred to her.

16. The Trustee also contends Mr. Johnson's actions and Ms. Mary Ella Johnson's actions are efforts to frustrate the Trustee's administration of the estate and hinder, delay, or defraud the Trustee and creditors of the Bankruptcy Estate.

17. To resolve this issue and simplify the matters involved in this litigation, the Trustee attempted to reach a stipulation or other agreement with counsel for the Defendants that the Colemans Lake Property was still owned by Legacy Wealth Properties, LLC. It was the Trustee's hope that such an agreement would avoid the need to seek a further amendment to the complaint, simplify the litigation, and avoid any potential delay in these proceedings. However, that agreement has not yet been reached. The Defendant's counsel filed a motion to withdraw on May 12, 2022 and requested that the Court extend certain deadlines. *See* Adv. Dkt. No. 67.

18. As a result, the Trustee believes the parties will not likely be able to agree on a

consensual resolution or stipulation regarding the ownership of the Colemans Lake Property and it is necessary to move to amend the complaint.

19. The Trustee would like to amend his complaint to add Ramona Johnson-Howard as an additional defendant and to add additional facts learned after the filing of his complaint.

20. The Trustee does not anticipate that he will need to take any additional discovery. But believes the inclusion of Ramona Johnson-Howard may be necessary since she is the record of the Colemans Lake Property. Including Ms. Howard in this litigation will facilitate the ability of the Court to provide relief against all parties related to this action and ensure due process is provided to all persons with a potential interest in the Colemans Lake Property.

21. Attached to this motion as **Exhibit B** is a copy of the proposed amended complaint as well as a redline from the First Amended Complaint, which is attached as **Exhibit C**.

**Argument**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7015, a party "may amend its complaint with the opposing party's written consent or the court's leave." But the Court "should freely give leave when justice so requires." "The grant or denial of leave is committed to the discretion of the district court." *Young Women's Christian Assoc. of the National Capital Area, Inc. v. Allstate Ins. Co. of Canada*, 214 F.R.D. 1, 3 (D.D.C. 2003). The court must heed Rule 15's mandate that leave is to be 'freely given when justice so requires.'" *Id.* (citations omitted). Denial of leave to amend "constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments." *Id.* (citations omitted).

Here, it is appropriate to grant leave to amend. The efficient resolution of proceedings will be assisted by including all defendants with a potential interest in the Colemans Lake Property. The inclusion of relevant facts in the amended complaint will aid in resolution of this matter. There is no futility, undue delay, bad faith, dilatory motive, or undue prejudice to any parties by the requested amendment.

WHEREFORE, the Trustee respectfully asks that the Court enter an order approving his motion for leave to amend; deem the amended complaint as filed and served upon entry of the order approving the motion; and for such other and further relief as may be necessary.

Respectfully submitted,

**DONALD F. KING, TRUSTEE**
By Counsel

By:      */s/ Bradley D. Jones*
Bradley D. Jones (VSB No. 85095)
Counsel for Trustee
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: (703) 218-2176
Fax:   (703) 218-2160
Brad.Jones@ofplaw.com

*Counsel to the Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Fed. R. Civ. P. 5(b)(2)(E), made applicable to these adversary proceedings by Fed. R. Bankr. P. 7005, a true and accurate copy of the foregoing was sent on May 17, 2022 via Notice of Electronic Filing upon all registered users in the above captioned adversary proceeding pursuant to this Court's CM/ECF policy. A copy was emailed to Ramona Johnson-Howard at monajh1@verizon.net. A copy was also sent by first–class mail to:

Craig M. Palik
Thuc-Doan Tran Phan
MCNAMEE HOSEA
6411 Ivy Lane Suite 200
Greenbelt, MD 20770

*Counsel for Emeri M. Johnson, Gabrielle A. Johnson, Legacy Wealth Properties, LLC, & Mary Ella Johnson*

Ramona Johnson-Howard
4600 White Stone Drive
North Chesterfield, VA 23234

*Pro Se Defendant*

                                          */s/ Bradley D. Jones*
Bradley D. Jones (VSB No. 85095)
Counsel for Trustee
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: (703) 218-2176
Fax:     (703) 218-2160
Brad.Jones@ofplaw.com

*Counsel to the Chapter 7 Trustee*

#5308927v1  031070/002806

- 7 -