**EXHIBIT 5**

Craig M. Palik, Esquire VSB #45728
Thuc-Doan Phan, Esquire VSB #92462
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com
dphan@mhlawyers.com
*Counsel to Defendants Emeri M. Johnson,*
*Gabrielle A. Johnson, and Legacy Wealth Properties, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JEROME ALAN JOHNSON and ) | |
| MICHELE ANITA JOHNSON, ) | Case No. 19-12437-BFK |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| ) | |
| DONALD F. KING, TRUSTEE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Adv. Pro. No. 21-01046-BFK |
| ) | |
| MARY ELLA JOHNSON, *et al.* ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' RESPONSES TO
### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

To:     BRADLEY D. JONES
        Counsel for Donald F. King Trustee, Plaintiff
        ODIN, FELDMAN & PITTLEMAN, P.C.
        1775 Wiehle Avenue, Suite 400
        Reston, Virginia 20190
        Phone: 703-218-2176
        Fax: 703-218-2160
        Brad.Jones@ofplaw.com

From:   Emeri M. Johnson, Gabrielle A. Johnson,
        and Legacy Wealth Properties, LLC

1

c/o Craig M. Palik, Esq.
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

COMES NOW, Defendants Emeri M. Johnson, Gabrielle A. Johnson, and Legacy Wealth Properties, LLC (hereinafter "Defendants"), by counsel, and hereby responds to the Plaintiff's Requests for Production. The objections previously asserted by Defendants to these Requests for Production are preserved. Without waiving any objection, Defendants respond as follows:

## ANSWERS TO DOCUMENTS TO BE PRODUCED

1. All documents and communications (including emails), from October 2016 to present, between any of the Defendants, the Debtors, and Mary Ella Johnson regarding the Colemans Lake Property.

**Response:** The Defendants do not have any documentations or communications in regards to the Coleman Lake Property. The Defendants, minus Mary Ella Johnson, and the Debtors reside in the same property, and all communications are strictly verbal. Although the Coleman Lake Property was discussed, there is no paper documentation of these conversations.

2. All documents and communications (including emails), from October 2016 to present, by any of the Defendants with Jerome Johnson regarding the transfer of the Coleman Lake Property

**Response:** The Defendants do not have any documentations or communications in regards to the transfer of the Coleman Lake Property. The Defendants, minus Mary Ella Johnson, and the Debtors reside in the same property, and all communications are strictly verbal. Although transfer was discussed, there is no paper documentation of these conversations.

3. All documents and communications (including emails) relating to the creation or signing of the Consent to Action By Members Without a Meeting executed by Jerome A. Johnson, Michele A. Johnson, Emeri M. Johnson and Gabrielle A. Johnson on October 29, 2016.

**Response:** The Defendants do not have any documentations or communications in regards to the Consent to Action by Members Without a Meeting. The Defendants, minus Mary Ella Johnson, and the Debtors reside in the same property, and all communications are strictly

2

verbal. Although creating and signing the Consent to Action was discussed, there is no paper documentation of these conversations.

4. Copies of any and all corporate documents maintained by Legacy Wealth Properties, LLC, including but not limited to any written consents, board book, meeting minutes, books and records, or any other documents maintained by Legacy Wealth Properties, LLC relating to the governance of the entity or related to the Colemans Lake Property.

**Response:** Defendants have provided all corporate documents maintained by Legacy Wealth Properties, LLC to the Plaintiff. However, Defendants will provide these documents again to ensure that all documents were sent.

5. All financial records, agreements, contracts, or other documents relating to the Colemans Lake Property or Legacy Wealth Properties, LLC's interest in the Colemans Lake Property.

**Response:** Defendants do not have any financial records related to the Colemans Lake Property or Legacy Wealth Properties, LLC's interest in the Coleman Lakes Property aside from the documents already provided. Defendants will provide these documents, including the deeds, again to ensure that all documents were sent.

6. Copies of all tax returns and K1s filed by Legacy Wealth Properties, LLC with the IRS or the Commonwealth of Virginia.

**Response:** The Defendants do not have copies of tax returns or K1s for Legacy Wealth Properties, LLC, as Legacy Wealth Properties, LLC did not file these documents.

7. Copies of all financial records relating to Legacy Wealth Properties, LLC, including any financial statements prepared and bank statements for any bank or financial accounts it owned or controlled from October 2016 to present, or any documents relating to assets owned or controlled by Legacy Wealth Properties, LLC with a value in excess of $5,000.00.

**Response:** Defendants cannot provide any financial records relating to Legacy Wealth Properties, LLC. Legacy Wealth Properties, LLC does not have any bank accounts, nor does it own any assets or properties in excess of $5,000.00. The Defendants have submitted all

3

documentation related to the ownership of the Colemans Lake Property by Legacy Wealth Properties, LLC, which is the only asset that was ever owned by Legacy Wealth Properties, LLC.

8. Copies of any draft deeds prepared regarding the Colemans Lake Property, whether or not those drafts or final versions of those drafts were filed in the land records.

**Response:** The Defendants do not have draft deeds prepared regarding the Colemans Lake Property.

9. Copies of any liens filed on the Colemans Lake Property and copies of any title reports for that property.

**Response:** The Defendants do not believe that there are any liens on the Colemans Lake Property, but if there are any liens, the Defendants do not have any copies. The Defendants have not requested any copies of title reports for the Colemans Lake Property, so they do not have copies of any title reports.

10. Any written documents, correspondence with any person (including emails), or contracts related to or exchanged in connection with the gift deed and correction gift deed executed July 2021.

**Response:** The Defendants do not have any written documents related to the gift deed or the correction gift deed executed July 2021. The Defendants, minus Mary Ella Johnson, and the Debtors reside in the same property, and all communications are strictly verbal. Although the gift deeds were discussed, there is no paper documentation of these conversations.

11. Any written documents, correspondence with any person (including emails), or contracts related to or exchanged in connection with the gift deed executed on September 12, 2015.

**Response:** The Defendants do not have written documents in regards to the gift deed executed on September 12, 2015. The Debtors did correspond with Mary Ella Johnson in regards to the gift deed, but the conversations were strictly verbal.

12. Copies of any written documents requiring payment to Mary Ella Johnson by any person or entity in connection with the formation of Legacy Wealth Properties, LLC.

**Response:** Defendants do not have any written documentation requiring any payment to be made to Mary Ella Johnson.

4

13. Any written documents, correspondence (including emails), or contracts that explain why the Colemans Lake Property was conveyed to Legacy Wealth Properties, LLC.

**Response:** The Defendants do not have any written documents explaining why the Colemans Lake Property was conveyed to Legacy Wealth Properties, LLC.

14. All documents and communications related to any defense or defenses that you plan to assert in response to the Plaintiff's allegations in the Complaint.

**Response:** Defendants shall identify all trial exhibits by the deadlines set forth in the scheduling order entered in this case. Notwithstanding the objections previously asserted, Defendants have not at the present time determined what documents they intend to offer as an exhibit at the trial of this matter.

15. All documents and communications you intend to introduce for any purpose whatsoever on summary judgment or at the trial in this Adversary Proceeding.

**Response:** Defendants shall identify all trial exhibits by the deadlines set forth in the scheduling order entered in this case. Notwithstanding the objections previously asserted, Defendants have not at the present time determined what documents they intend to offer as an exhibit at the trial of this matter.

16. All documents and communications provided to or reviewed by any expert retained by you to provide expert witness testimony in this Adversary Proceeding.

**Response:** Defendants shall identify all expert witnesses by the deadlines set forth in the scheduling order entered in this case. Notwithstanding the objections previously asserted, Defendants have not at the present time communicated with, nor engaged the services of, any expert witness.

Dated: February 23, 2022

Respectfully submitted,

/s/ Craig M. Palik

_____

Craig Palik, (VSB # 45728)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 207770
(301) 441-2420  (Telephone)
(301 982 9450  (Fax)
cpalik@mhlawyers.com

*Counsel for Emeri M. Johnson, Gabrielle A. Johnson, and Legacy Wealth Properties, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date the foregoing Objections to Plaintiff's First Request for Production of Documents was served electronically on all parties or counsel of record entitled to notice, and in addition, by regular first class mail, postage pre-paid, on:

BRADLEY D. JONES
Counsel for Donald F. King Trustee, Plaintiff
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: 703-218-2176
Fax: 703-218-2160
Brad.Jones@ofplaw.com

Date: February 23, 2022

/s/ Craig M. Palik

_____

Craig M. Palik

6