**EXHIBIT 6**

Craig M. Palik, Esquire VSB #45728
Thuc-Doan Phan, Esquire VSB #92462
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com
dphan@mhlawyers.com
*Counsel to Defendants Emeri M. Johnson,*
*Gabrielle A. Johnson, Mary Ella Johnson, and Legacy Wealth Properties, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JEROME ALAN JOHNSON and ) | |
| MICHELE ANITA JOHNSON, ) | Case No. 19-12437-BFK |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| ) | |
| DONALD F. KING, TRUSTEE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Adv. Pro. No. 21-01046-BFK |
| ) | |
| MARY ELLA JOHNSON, ) | |
| ) | |
| EMERI M. JOHNSON, ) | |
| ) | |
| GABRIELLE A. JOHNSON and ) | |
| ) | |
| LEGACY WEALTH PROPERTIES, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' RESPONSES TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

To:    BRADLEY D. JONES
       Counsel for Donald F. King Trustee, Plaintiff
       ODIN, FELDMAN & PITTLEMAN, P.C.
       1775 Wiehle Avenue, Suite 400

1

      Reston, Virginia 20190
      Phone: 703-218-2176
      Fax: 703-218-2160
      Brad.Jones@ofplaw.com

From:  Emeri M. Johnson, Gabrielle A. Johnson,
       and Legacy Wealth Properties, LLC
       c/o Craig M. Palik, Esq.
       McNamee Hosea
       6411 Ivy Lane, Suite 200
       Greenbelt, MD 20770

COMES NOW, Defendants Emeri M. Johnson, Gabriella A. Johnson, and Legacy Wealth Properties, LLC (hereinafter "Defendants"), by counsel, and hereby responds to the Plaintiff's Interrogatories. The objections previously asserted by Defendants to these Interrogatories are preserved. Without waiving any objection, Defendants respond as follows:

## ANSWERS TO INTERROGATORIES

1. Identify each person who has knowledge or information concerning the subject matter of the Complaint and your Answer to the Complaint, and state generally the knowledge possessed or believed to be possessed by each such person.

    **Response:**

    a. Jerome Johnson – Mr. Johnson has knowledge concerning the Colemans Lake Property, including any transfers regarding the property, and the status of the Debtor's financial affairs. Mr. Johnson would be knowledgeable as to any debts that Legacy Wealth Properties may have and debts that he and his wife may have had at the time of their bankruptcy filings. Mr. Johnson signed the gift deed on July 28, 2021 without any intention to delay, defraud, or hinder creditors. Mr. Johnson's understanding was that the transfer of the Colemans Lake Property to Mary Ella Johnson was effectuated in 2016 when the Consent to Action by Members Without a Meeting (the "Consent") was executed. In learning that the Consent was not enough to effectuate a transfer, Mr. Johnson believed the gift deed signed on July 28, 2021 would finalize the transfer contemplated by the Consent. Mr. Johnson would not have signed the gift deed if he knew that it was not allowed.
    b. Michele Anita Johnson – Mrs. Johnson is knowledgeable regarding the same topics that Mr. Johnson is knowledgeable in.
    c. Emeri M. Johnson – As a member of Legacy Wealth Properties, LLC, Ms. Emeri Johnson can attest to decisions made among the members with regards to the Colemans Lake Property.

2

  d. Gabrielle A. Johnson – As a member of Legacy Wealth Properties, LLC, Ms. Gabrielle A. Johnson can attest to decisions made among the members with regards to the Colemans Lake Property.

  e. Mary Ella Johnson – Ms. Mary Ella Johnson's knowledge concerning the subject matter of the Complaint is minimal compared to that of the Debtors'. However, Ms. Mary Ella Johnson can attest to reasoning behind earlier transfers of the Colemans Lake Property.

  2. Identify each person you intend to call as a witness by affidavit on summary judgment or at trial in this case and summarize his or her anticipated testimony.

  **Response:** Defendants have not yet determined who may be called as a witness or an affiant in this case. Notwithstanding, the persons identified in response to Interrogatory No. 2, above, may potentially be witnesses or affiants in this case. All witnesses will be idientified in accordance with the scheduling order entered in this case.

  3. Explain who you believed was in charge of managing the finances, books and records, and bank accounts of Legacy Wealth Properties, LLC from September 2016 to present; what responsibilities, if any that person had in these tasks; and what responsibilities, if any, were undertaken by any person.

  **Response:** No one was in charge of managing the finances as Legacy Wealth Properties, LLC ("Legacy Wealth") did not have a bank account. The only asset ever owned by Legacy Wealth was the Colemans Lake Property.

  4. Explain why the Colemans Lake Property was transferred or attempted to be transferred pursuant to the gift deed and correction gift deed executed on July 28, 2021, what purpose was served by this transfer, and what if any consideration was provided for this transfer. Copies of the July 28, 2021 gift deed and correction gift deed are attached as **Exhibit E**.

  **Response:** Mr. Johnson, the Defendants, and Michele Johnson believed that the Consent signed in 2016 transferred the Colemans Lake Property back to Mary Ella Johnson. After the Plaintiff filed the Complaint in this Adversary Proceeding, the Debtors and Defendants believed that the Consent was not enough to effectuate a transfer. They executed the gift deed in belief that it would finalize the intent of the Consent signed in 2016. No consideration was provided as the Debtors and Defendants all believed that the Colemans Lake Property was owned by Mary Ella Johnson, and that they were formally returning her property back to her.

3

5.      Explain why the October 29, 2016 Consent to Action By Members Without a Meeting was executed; what purpose was served by this Consent; what financial hardships or agreements were at issue or led to the Consent; why a deed was not executed at the time of the consent to transfer the Colemans Lake Property; and identify any underlying documents that would support the existence of an agreement or the financial hardships referenced in the Consent. A copy of the Consent to Action is attached as **Exhibit D**.

**Response:**      The Debtors, Defendants, and Mary Ella Johnson intended to build an assisted living facility on the Colemans Lake Property. The Debtors and Defendants agreed to fund the construction of the facility. However, around 2015-2016, the Debtors experienced financial hardships that eventually led them to file bankruptcy. Because the Debtors and Defendants were unable to build the facility as agreed upon, the Debtors and Defendants decided to formally return the Colemans Lake Property to Mary Ella Johnson for her to use as she needed. The Debtors and Defendants were unaware that the Consent was not enough to transfer the property back. There are no documents supporting the agreement, but evidence of financial hardship can be seen through the Debtors' bankruptcy filing.

6.      Explain why the Colemans Lake Property was transferred pursuant to the gift deed executed on September 12, 2015, what purpose was served by this transfer, and what if any consideration was provided for this transfer. A copy of the September 12, 2015 gift deed is attached as **Exhibit C**.

**Response:**      The Colemans Lake Property was transferred on September 12, 2015 after agreement between Mary Ella Johnson, Ramona Howard, and the members of Legacy Wealth Properties, LLC concerning the construction of an assisted living facility on the property. The family believed that developing an assisted living facility on the Colemans Lake Property would be a way of preserving Mary Ella Johnson and her husband's legacy.

7.      Explain why the Colemans Lake Property was transferred pursuant to the gift deed executed on June 25, 2013, what purpose was served by this transfer, and what if any consideration was provided for this transfer. A copy of the June 25, 2013 gift deed is attached as **Exhibit B**

**Response:**      Defendants were not aware of the 2013 gift deed, so they do not have the information necessary to answer this question.

4

8.      Explain why the Colemans Lake Property was transferred pursuant to the gift deed executed on March 8, 2005, what purpose was served by this transfer, and what if any consideration was provided for this transfer. A copy of the March 8, 2005 gift deed is attached as **Exhibit A**.

**Response:**    Defendants were not aware of the 2005 gift deed, so they do not have the information necessary to answer this question.

9.      Please explain what role, if any, Emeri M. Johnson, Gabrielle A. Johnson had at Legacy Wealth Properties, LLC; what tasks they performed for the company; what responsibilities they undertook for the company; or the purpose of their membership interest and explain what consideration was paid for their membership interests.

**Response:**    Emeri and Gabrielle Johnson were members of Legacy Wealth Properties, LLC. They were present for all discussions involving Legacy Wealth, and they provided advice and opinions about actions to take. The Debtors indicated that they valued their daughters' opinions and wanted them to be involved with family matters.

10.     Please explain to the best of your knowledge, the value of the equity in the Colemans Lake Property and identify any liens, claims, or encumbrances that currently attach to the Colemans Lake Property.

**Response:**    Upon information and belief, there are no liens or encumbrances on the property. The property had been paid off within ten years of ownership by Mary Ella Johnson and her husband.

11.     To the extent that you contend that the proof of claim filed by the IRS in the bankruptcy case of Jerome Alan Johnson and Michele Anita Johnson does not accurately reflect the tax debt owed to the IRS, please provide all basis you have to contend that the IRS's claim is wrong.

**Response:**    The Defendants don't have independent knowledge of the IRS's claim or its accuracy.

5

12. Identify all oral communications and written communications (including emails), for which you have not previously produced documents, between you the Debtors, Mary Ella Johnson, or the Managers or members of Legacy Wealth Properties, LLC regarding the transfer of any real estate owned by Legacy Wealth Properties, LLC.

**Response:** Defendants had numerous oral communications among the parties listed over a span of multiple years concerning the Colemans Lake Property. The dates and particulars of all such oral communications are not committed to memory, particularly where there is no record of those oral communications that can be referenced to answer the Interrogatory in any greater detail.

13. To the extent that you contend that any physical or mental condition affects your memory of the transactions at issue in this case, or any facts regarding the Debtor or this Adversary Proceeding, please explain that condition and how your memory is affected.

**Response:** Mr. Johnson has stated that he has been both mentally and physically broken. The adversary proceeding and allegations have caused him great stress, leading to heart pain and extreme fatigue. Mr. Johnson has been unable to remember certain details as he becomes physically ill thinking about this case and allegations made.

WE HEREBY AFFIRM that these answers are true to the best of my knowledge, information, and belief.

_____
Emeri M. Johnson, Individually and on behalf of
Legacy Wealth Properties, LLC


_____
Gabrielle A. Johnson, Individually and on behalf of
Legacy Wealth Properties, LLC

Dated: March 1, 2022          Respectfully submitted,

/s/ Craig M. Palik

_____
Craig Palik, (VSB # 45728)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 207770
(301) 441-2420  (Telephone)
(301 982 9450  (Fax)
cpalik@mhlawyers.com

*Counsel for Emeri M. Johnson, Gabrielle A. Johnson, Mary Ella Johnson and Legacy Wealth Properties, LLC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date the foregoing Objections to Plaintiff's First Set of Interrogatories was served electronically on all parties or counsel of record entitled to notice, and in addition, by regular first class mail, postage pre-paid, on:

BRADLEY D. JONES
Counsel for Donald F. King Trustee, Plaintiff
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: 703-218-2176
Fax: 703-218-2160
Brad.Jones@ofplaw.com

/s/ Craig M. Palik

Date: March 1, 2022     _____
                               Craig M. Palik