EXHIBIT 7

Craig M. Palik, Esquire VSB #45728
Thuc-Doan Phan, Esquire VSB #92462
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com
dphan@mhlawyers.com
*Counsel to Defendants Mary Ella Johnson, Emeri M. Johnson,*
*Gabrielle A. Johnson, and Legacy Wealth Properties, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **JEROME ALAN JOHNSON** and ) | |
| **MICHELE ANITA JOHNSON,** ) | **Case No. 19-12437-BFK** |
| ) | **Chapter 7** |
| Debtors. ) | |
| ) | |
| **DONALD F. KING, TRUSTEE,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Adv. Pro. No. 21-01046-BFK** |
| ) | |
| **MARY ELLA JOHNSON,** *et al.* ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S REQUESTS FOR ADMISSION

To:    BRADLEY D. JONES
       Counsel for Donald F. King Trustee, Plaintiff
       ODIN, FELDMAN & PITTLEMAN, P.C.
       1775 Wiehle Avenue, Suite 400
       Reston, Virginia 20190
       Phone: 703-218-2176
       Fax: 703-218-2160
       Brad.Jones@ofplaw.com

From:  Mary Ella Johnson
       c/o Craig M. Palik, Esq.

1

McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

Pursuant to Federal Rule of Civil Procedure 36 and Federal Rule of Bankruptcy Procedure 7036 and Local Rule 7026-1(B), Mary Ella Johnson (the "Defendant") responds to Plaintiff's Requests for Admission (the Discovery Requests and each request therein a "Request") propounded by Donald F. King, Chapter 7 Trustee ("Plaintiff" or "Trustee") for the bankruptcy estate of Jerome A. Johnson and Michele A. Johnson, Case No. 19-12437-BFK.

## <u>DEFENDANT'S ANSWERS TO ADMISSIONS</u>

1.      Admit that the Debtors were insolvent at all times from October 2016 to present.

**<u>Response:</u>**      Defendant does not have knowledge of the Debtors' financial status, and cannot answer. Defendant only recently learned that Debtors were in bankruptcy, but is unaware of any other financial issues.

2.       Admit that the Deed of Gift dated March 8, 2005 and attached to these requests for admission as **Exhibit A** is authentic.

**<u>Response:</u>**      Defendant admits that **Exhibit A** is authentic.

3.      Admit that the Deed of Gift dated June 25, 2013 and attached to these requests for admission as **Exhibit B** is authentic.

**<u>Response:</u>**      Defendant admits that **Exhibit B** is authentic.

4.      Admit that the Deed of Gift dated September 12, 2015 and attached to these requests for admission as **Exhibit C** is authentic.

**<u>Response:</u>**      Defendant admits that **Exhibit C** is authentic.

5.      Admit that the Consent to Action by Members without a Meeting attached as to these requests for admission as **Exhibit D** is authentic.

**<u>Response:</u>**      Defendant is not familiar with the document and does not remember seeing this document. Defendant is unable to determine whether the document is accurate.

6.      Admit that the Gift Deed executed on July 28, 2021 and the Correction Gift Deed executed on July 28, 2021 attached to these requests for admission as **Exhibit E** are authentic.

__Response:__      Defendant is not familiar with the document and does not remember seeing this document. Defendant is unable to determine whether the document is accurate.

7.      Admit that the Deed of Gift dated October 6, 2021 and attached to these requests for admission as **Exhibit F** is authentic.

__Response:__      Defendant admits that **Exhibit F** is authentic.

8.      Admit that the Operating Agreement for Legacy Wealth Properties, LLC, attached to as an Exhibit to the motion to dismiss filed by the Defendants in the Adversary Proceeding is authentic.

__Response:__      Defendant admits that the Operating Agreement attached as an exhibit to the Defendants' Adversary Proceeding is authentic.

9.      Admit that at the time Legacy Wealth Properties, LLC purportedly transferred the Colemans Lake Property to you on July 28, 2021, Legacy Wealth Properties, LLC was a defendant in an adversary proceeding filed by Donald F. King, Trustee.

__Response:__      Defendant was unaware that Legacy Wealth Properties, LLC made any transfer to the Defendant, nor was she aware that at the time of the transfer Legacy Wealth Properties, LLC was a defendant in an adversary proceeding.

10.     Admit that at the time you purportedly transferred the Colemans Lake Property to Ramona Johnson-Howard, you were a defendant in an adversary proceeding filed by Donald F. King, Trustee.

__Response:__      Defendant was unaware, at the time she transferred the Colemans Lake Property to Ramona Johnson-Howard, that she was a defendant in an adversary proceeding. The Defendant believed that the property was hers, as she was informed by the Debtors in 2016 that the property had been returned to her.

3

11.     Admit that the Debtor Jerome Johnson had no authority to act as Managing Member of Legacy Wealth Properties, LLC on July 28, 2021 because he had been dissociated from Legacy Wealth Properties, LLC by virtue of his bankruptcy filing.

**Response:**     Defendant was unaware that Jerome Johnson filed for bankruptcy and she was unaware of any transfer by Legacy Wealth Properties, LLC on July 28, 2021 until recently. The defendant does not have any knowledge to answer this admission.

12.     Admit that the Colemans Lake Property is still owned by Legacy Wealth Properties, LLC.

**Response:**     Defendant believes that the Colemans Lake Property is her property as she was informed in 2016 by the Debtors that the property had been returned to her.

13.     Admit that the Debtor Jerome Johnson did not have authority to execute either the July 28, 2021 Gift Deed or Corrected Gift Deed (attached as Exhibit E) on behalf of Legacy Wealth Properties, LLC.

**Response:**     Defendant is without knowledge of transfers made by Jerome Johnson in 2021 on behalf of Legacy Wealth. Defendant was not informed of these transfers until recently.

14.     Admit that any transfer of the Colemans Lake Property you by the gift deed and/or corrected gift deed executed on July 28, 2021 was not made for any consideration.

**Response:**     Defendant admits that there was no consideration made in returning the Colemans Lake Property back to her.

15.     Admit that any transfer of the Colemans Lake Property by you through the gift deed executed on October 6, 2021 was not made for any consideration.

**Response:**     Defendant admits that there was no consideration was made for her transfer of the Colemans Lake Property by deed executed on October 6, 2021.

16.     Admit that the IRS proof of claim, filed as Claim 7-2 in the above-captioned bankruptcy case of Jerome Alan Johnson and Michele Anita Johnson is authentic.

**Response:**    Defendant is without knowledge to know whether the IRS proof of claim filed in the bankruptcy case of the Debtors is authentic.

17.    Admit that the IRS proof of claim, filed as Claim 7-2 in the above-captioned bankruptcy case of Jerome Alan Johnson and Michele Anita Johnson accurately reflects the tax debt owed to the IRS for the tax years reflected on the IRS's proof of claim.

**Response:**    Defendant is without the knowledge to know whether the IRS proof of claim reflects the tax debt owed.

18.    Admit that there was no business purpose for the execution of the July 28, 2021 Gift Deed and Correction Gift Deed executed on July 28, 2021 attached to these requests for admission as **Exhibit E**.

**Response:**    Defendant had no knowledge of the gift deed or correction gift deed, and was not privy to the creation of either deed. The Defendant does not have the knowledge to admit or deny whether or not there was a business purpose.

19.    Admit that the purpose of the July 28, 2021 Gift Deed and Correction Gift Deed executed on July 28, 201 and attached to these requests for admission as **Exhibit E** was to hinder, delay, or defraud creditors of the Debtors and/or Legacy Wealth Properties, LLC.

**Response:**    Defendant denies this statement.

20.    Admit that there was no business purpose for the execution of the October 6, 2021 attached to these requests for admission as **Exhibit F**.

**Response:**    Defendant admits that there was no business purpose for the execution of the gift deed executed on October 6, 2021. Rather, the transfer was made for estate planning purposes.

21.    Admit that the purpose of the October 6, 2021 Gift Deed and attached to these requests for admission as **Exhibit F** was to hinder, delay, or defraud the chapter 7 Trustee and his attempts to administer the Bankruptcy Estate's interest in the Colemans Lake Property.

5

**Response:**    Defendant denies this statement. Defendant, at the time of the October 6, 2021 Gift Deed believed that she retained possession of the Colemans Lake Property and could dispose of it as she saw fit.

22.    Admit that the purpose of the Consent to Action by Members without a Meeting attached as **Exhibit D** was to hinder, delay of defraud creditors of the Debtors and/or Legacy Wealth Properties, LLC

**Response:**    Defendant denies this statement.

Dated:May 3, 2022                    Respectfully submitted,

/s/ Craig M. Palik

_____

Craig Palik, (VSB # 45728)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 207770
(301) 441-2420  (Telephone)
(301 982 9450  (Fax)
cpalik@mhlawyers.com

*Counsel for Mary Ella Johnson, Emeri M. Johnson, Gabrielle A. Johnson, and Legacy Wealth Properties, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date the foregoing Objections to Plaintiff's First Requests for Admission was served electronically on all parties or counsel of record entitled to notice, and in addition, by regular first class mail, postage pre-paid, on:

BRADLEY D. JONES
Counsel for Donald F. King Trustee, Plaintiff
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: 703-218-2176
Fax: 703-218-2160
Brad.Jones@ofplaw.com

Date: May 3, 2022

/s/ Craig M. Palik

_____

Craig M. Palik

6