**EXHIBIT 9**

Craig M. Palik, Esquire VSB #45728
Thuc-Doan Phan, Esquire VSB #92462
McNamee Hosea, et al.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420
cpalik@mhlawyers.com
dphan@mhlawyers.com
*Counsel to Defendants Mary Ella Johnson, Emeri M. Johnson,
Gabrielle A. Johnson, and Legacy Wealth Properties, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JEROME ALAN JOHNSON and | ) |
| MICHELE ANITA JOHNSON, | )   Case No. 19-12437-BFK |
| | )   Chapter 7 |
| Debtors. | ) |
| | ) |
| DONALD F. KING, TRUSTEE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Adv. Pro. No. 21-01046-BFK |
| | ) |
| MARY ELLA JOHNSON, *et al.* | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSES
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

To:    BRADLEY D. JONES
        Counsel for Donald F. King Trustee, Plaintiff
        ODIN, FELDMAN & PITTLEMAN, P.C.
        1775 Wiehle Avenue, Suite 400
        Reston, Virginia 20190
        Phone: 703-218-2176
        Fax: 703-218-2160
        Brad.Jones@ofplaw.com

From:  Mary Ella Johnson
         c/o Craig M. Palik, Esq.

1

McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770

Pursuant to Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy Procedure 7034 and Local Rule 7026-1(B), Mary Ella Johnson (the "Defendant") responds to Plaintiff's First Request for Production of Documents (the Discovery Requests and each request therein a "Request") propounded by Donald F. King, Chapter 7 Trustee ("Plaintiff" or "Trustee") for the bankruptcy estate of Jerome A. Johnson and Michele A. Johnson, Case No. 19-12437-BFK.

## **DEFENDANT'S RESPONSES TO DOCUMENTS TO BE PRODUCED**

1. All documents and communications (including emails), from October 2016 to present, between any of the Defendants, the Debtors, and Mary Ella Johnson regarding the Colemans Lake Property.

**Response:** The Defendant does not have any documentation or communications with the other Defendants and the Debtors in regards to the Colemans Lake Property. The Defendant did meet with Jerome Johnson to discuss contractors and building plans for the potential nursing facility, but all conversations were conducted verbally and Defendant does not have a paper copy of such conversations.

2. All documents and communications (including emails), from October 2016 to present, by any of the Defendants with Jerome Johnson regarding the transfer of the Colemans Lake Property

**Response:** Defendant does not have any documentation or communications with Jerome Johnson in regards to the transfer of the Colemans Lake Property. Defendant was merely told that the property was being given back to her, and her understanding was that in 2016, the property had been transferred to her. This was all done verbally, so there is no paper trail.

3. All documents and communications (including emails), from October 2016 to present, by any of the Defendants and Ramona Johnson-Howard regarding the transfer of the Colemans Lake Property.

2

**Response:** Defendant does not have any documentation or communications with Ramona Johnson-Howard regarding the transfer of the Colemans Lake Property. Defendant does not know if Ramona Johnson-Howard had any knowledge of any transfers regarding the property.

4. All documents and communications (including emails) relating to the creation or signing of the Consent to Action By Members Without a Meeting executed by Jerome A. Johnson, Michele A. Johnson, Emeri M. Johnson and Gabrielle A. Johnson on October 29, 2016.

**Response:** Defendant does not have any documentation or communications related to the Consent to Action by Members Without a Meeting. Defendant was verbally told that the property was being given back to her, but she was not aware or privy to any other discussions regarding any transfer.

5. All documents and communications (including emails) related to the October 6, 2021 gift deed and the transfer of the Colemans Lake Property from Mary E. Johnson to Ramona Howard Johnson, including any documents to explain why this transfer was made or the purpose of the transfer.

**Response:** Defendant does not have any documentation or written communications related to the October 6, 2021 gift deed and transfer in the above question. The Defendant did speak to Ramona Johnson-Howard concerning the transfer, but she did not put her discussion in writing.

6. Copies of any and all documents associated with the construction or planned construction of an assisted living facility on the Colemans Lake Property, including any business plan, financing documents, communications with third parties regarding an assisted living facility, or any other document related to the plan to develop this property.

**Response:** Jerome Johnson did most of the planning for the nursing facility. However, Defendant and Jerome Johnson discussed what contractors to hire, as Defendant is more familiar with contractors in the Dinwiddie area. Jerome Johnson also received a quote from one of the contractors (Jay Winfield) both he and the Defendant spoke with, and that is included. Otherwise, there were no other documents. Most of the meetings were done orally or in person, and no documentation was provided.

7. Copies of any and all corporate documents maintained by Legacy Wealth Properties, LLC, including but not limited to any written consents, board book, meeting

3

minutes, books and records, or any other documents maintained by Legacy Wealth Properties, LLC relating to the governance of the entity or related to the Colemans Lake Property.

**Response:** Defendant was not involved with Legacy Wealth Properties, LLC and she did not have any documents in regards to the entity.

8. All financial records, agreements, contracts, or other documents relating to the Colemans Lake Property or Legacy Wealth Properties, LLC's interest in the Colemans Lake Property.

**Response:** Defendant was not involved with Legacy Wealth Properties, LLC and she did not have any documents in regards to the entity. Defendant is providing documentation as to her ownership of the Colemans Lake Property including a (1) Deed of Bargain and Sale between Darcy P. Grigg to Defendant and her husband; (2) Minutes and Planning Staff Report from the Dinwiddie Country Planning Commission concerning and granting Defendant's request to gift land to herself to hold for her disabled grandson; (3) list of renovations done to the property located at Colemans Lake Property that the Defendant maintained herself; (4) Estimate from Jaxon Home Remedies for repairs to the property located at Colemans Lake Property; (5) several maps of the property; (6) details regarding a lawsuit against Cedric L. Cosby who misrepresented himself as a contractor and did work on the property; and (7) several real estate tax statements.

9. Copies of all documents including financials, projections, business plans, research, books and records or correspondence with any individual regarding creating or building as assisted living facility at the Colemans Lake Property.

**Response:** Please see response to question number 6.

10. Copies of all tax returns and K1s filed by Legacy Wealth Properties, LLC with the IRS or the Commonwealth of Virginia.

**Response:** Defendant was not involved with Legacy Wealth Properties, LLC and she did not have any documents in regards to the entity.

11. Copies of all financial records relating to Legacy Wealth Properties, LLC, including any financial statements prepared and bank statements for any bank or financial accounts it owned or controlled from October 2016 to present, or any documents relating to

4

assets owned or controlled by Legacy Wealth Properties, LLC with a value in excess of $5,000.00.

**Response:** Defendant was not involved with Legacy Wealth Properties, LLC and she did not have any documents in regards to the entity.

12. Copies of any draft deeds prepared regarding the Colemans Lake Property, whether or not those drafts or final versions of those drafts were filed in the land records.

**Response:** Defendant does not have any draft deeds. She drafted and filed final copies with land records.

13. Copies of any liens filed on the Colemans Lake Property and copies of any title reports for that property.

**Response:** Defendant does not have any copies of liens or title reports for the property. From her understanding, there are no liens against the Colemans Lake Property.

14. Any written documents, correspondence with any person (including emails), or contracts related to or exchanged in connection with the gift deed and correction gift deed executed July 2021.

**Response:** Defendant does not have any documentation or correspondence in regards to the gift deed executed July 2021. She was unaware that the gift deed and corrected gift deed were executed.

15. Any written documents, correspondence with any person (including emails), or contracts related to or exchanged in connection with the gift deed executed on September 12, 2015.

**Response:** Defendant does not have any documentation or written correspondence. She had an understanding that the property would be transferred to help build the nursing facility, but this was discussed verbally between her and Jerome Johnson.

16. Copies of any written documents requiring payment to you by any person or entity in connection with the formation of Legacy Wealth Properties, LLC.

**Response:** Defendant was not involved with Legacy Wealth Properties, LLC and she did not have any documents in regards to the entity.

5

17. Any written documents, correspondence (including emails), or contracts that explain why the Colemans Lake Property was conveyed to Legacy Wealth Properties, LLC.

**Response:** Defendant does not have any written documentation or correspondence regarding the transfer. She did discuss the transfer with Jerome Johnson, and as stated prior, the understanding was that the transfer was to help facilitate the build of a nursing facility on the property.

18. All documents and communications related to any defense or defenses that you plan to assert in response to the Plaintiff's allegations in the Complaint.

**Response:** Defendant submits that the documents submitted in prior responses, as well as the documents that were submitted with this response, go to support her planned defenses.

19. All documents and communications you intend to introduce for any purpose whatsoever on summary judgment or at the trial in this Adversary Proceeding.

**Response:** Defendant submits that the documents submitted in prior responses, as well as the documents that were submitted with this response will go the support any summary judgment or trial. If additional documents are received or found, these will be shared with the Plaintiff as they come up.

20. All documents and communications provided to or reviewed by any expert retained by you to provide expert witness testimony in this Adversary Proceeding.

**Response:** Defendant has not at the present time communicated with, nor engaged the services of, any expert witness. As of right now, there are no documents to provide in regards to this question.

Dated: May 3, 2022            Respectfully submitted,

/s/ Craig M. Palik
_____
Craig Palik, (VSB # 45728)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 207770
(301) 441-2420  (Telephone)
(301 982 9450  (Fax)

6

        cpalik@mhlawyers.com

*Counsel for Mary Ella Johnson, Emeri M. Johnson, Gabrielle A. Johnson, and Legacy Wealth Properties, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date the foregoing Objections to Plaintiff's Request for Production of Documents was served electronically on all parties or counsel of record entitled to notice, and in addition, by regular first class mail, postage pre-paid, on:

BRADLEY D. JONES
Counsel for Donald F. King Trustee, Plaintiff
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Phone: 703-218-2176
Fax: 703-218-2160
Brad.Jones@ofplaw.com

Date: May 3, 2022

/s/ Craig M. Palik
_____
Craig M. Palik