UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEROME ALAN JOHNSON and | ) | Case No. 19-12437-BFK |
| MICHELE ANITA JOHNSON, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |
| _____ | ) | |
| | ) | |
| DONALD F. KING, | ) | |
| as Chapter 7 Trustee, | ) | Adversary Proceeding |
| | ) | No. 21-01046-BFK |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MARY ELLA JOHNSON, | ) | |
| EMERI M. JOHNSON, | ) | |
| GABRIELLE A. JOHNSON, and | ) | |
| LEGACY WEALTH PROPERTIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

This matter came before the Court on the Plaintiff's Motion for Summary Judgment on Counts I, III, and VI of the Amended Complaint. (Docket No. 84). The Defendants filed an Opposition to the Motion. (Docket No. 101). The Court heard the parties' arguments on July 19, 2022. For the reasons stated at the hearing, and for the reasons stated herein, the Court will grant the Trustee's Motion.

**Undisputed Facts**

The Court finds that the following facts are not disputed:

*A. Legacy Wealth Properties, LLC.*

1.   Legacy Wealth Properties, LLC ("Legacy"), is a Virginia limited liability company.

1

2. At the time this bankruptcy case was filed, the Debtors, Jerome Alan Johnson and Michele Anita Johnson, were members of Legacy, with 52% and 24% membership interests respectively. TR's Ex. 11, at 11 (Docket No. 84-12).[1]

3. Legacy is (or was) the owner of real property located at 8815 Colemans Lake Road, Ford, Virginia 23850 ("the Property"). TR's Ex. 6, at 3 (Docket No. 84-7).

4. Legacy has an Operating Agreement that governs the relationship of its members. TR's Ex. 11 (Docket No. 84-12).

5. The Operating Agreement provides that the LLC may be dissolved and wound up upon the consent of 52% of the Members. TR's Ex. 11, at 9 (Docket No. 84-12).

6. In October 2016, Mr. and Ms. Johnson executed a Consent to Action by the Members Without a Meeting ("the October 2016 Consent"). TR's Ex. 13 (Docket No. 84-14).

7. The October 2016 Consent provided that the members "consent to the taking of the following action[.]" TR's Ex. 13 (Docket No. 84-14). The action described was the "signing over," or transfer of the Property, back to Mary Ella Johnson. TR's Ex. 13 (Docket No. 84-14).

8. No Deed transferring the Property was ever recorded until the July 2021 Gift Deeds described below.

B. *The Defendants' Insolvency.*

9. The October 2016 Consent recited that it was executed because of "financial hardships and the inability to pay Mary Ella Johnson for the property[.]" TR's Ex. 13 (Docket No. 84-14).

10. The October 2016 Consent lacked any valuable consideration.

---

[1] The Court may refer to the Debtors, Jerome Alan Johnson and Michele Anita Johnson, as Mr. and Ms. Johnson. Other persons with the surname Johnson will be referred to by their full names. The Exhibits attached to the Trustee's Motion for Summary Judgment will be referred to as "TR's Ex. __." The Defendants did not submit any Exhibits, nor any Declarations or Affidavits, in response to the Trustee's Motion.

11. At the time, in October 2016, the Debtors owed considerable tax debts that they were unable to pay. The IRS filed a Proof of Claim in their bankruptcy case asserting a claim for $332,567.40 in income taxes, and $124,071.91 in penalties, for the tax years 2010 through 2014. Proof of Claim No. 7-2, *In re Johnson*, No. 19-12437-BFK (Bankr. E.D. Va. Nov. 4, 2020).

12. Further, the Commonwealth of Virginia filed a Proof of Claim asserting $128,052.40 in taxes, penalties, and interest for the tax years 2010 through 2016. Proof of Claim No. 10-1, *In re Johnson*, No.19-12437-BFK (Bankr. E.D. Va. Nov. 14, 2019).

13. In their Schedules, the Debtors listed considerable tax debts to the IRS and the Commonwealth of Virginia from 2010 through 2016. Schedules D, E, *In re Johnson*, No. 19-12437-BFK (Bankr. E.D. Va. Aug. 15, 2019) (Docket No. 15).

14. The Debtors did not submit any Affidavits or Declarations contesting the Trustee's evidence of insolvency.

C. *The Bankruptcy Filing and the Trustee's Election to Dissolve Legacy.*

15. Mr. Johnson and Ms. Johnson filed a joint Voluntary Petition under Chapter 7 with this Court on July 25, 2019. Chapter 7 Pet., *In re Johnson*, No. 19-12437-BFK (Bankr. E.D. Va. July 25, 2019) (Docket No. 1). Donald F. King was appointed as the Chapter 7 Trustee ("the Trustee").

16. Mr. and Ms. Johnson did not list their membership interests in Legacy in their Schedules. Schedule B, *In re Johnson*, No. 19-12437-BFK (Bankr. E.D. Va. Aug. 15, 2019) (Docket No. 15).

17. On March 31, 2022, the Trustee executed an Action by Written Consent to wind up the affairs of Legacy. TR's Ex. 12 (Docket No. 84-13). The Action by Written Consent includes a Plan of Dissolution under which the Trustee proposed that he would be appointed as

3

an Authorized Person to carry out the winding up of the LLC, which would include a sale of the Property and a distribution of the proceeds to the bankruptcy estate and to the non-bankruptcy members. TR's Ex. 12, at 4-6 (Docket No. 84-13).

　　*D.  The July 2021 Gift Deeds.*

18.　　On July 21, 2021, shortly after this adversary proceeding was filed, Mr. Johnson executed a Gift Deed and a Corrected Gift Deed purporting to transfer the Property to Mary Ella Johnson. TR's Ex. 10 (Docket No. 84-11).

19.　　The Gift Deeds recite that they were executed pursuant to the October 2016 Consent. TR's Ex. 10, at 8 (Docket No. 84-11).

20.　　The Trustee did not consent to the execution or recordation of the Gift Deeds.[2]

　　*E.  The Trustee Files This Adversary Proceeding.*

21.　　On July 22, 2021, the Trustee filed his Complaint in this adversary proceeding. (Docket No. 1).

22.　　All of the Defendants have appeared by counsel.

23.　　The Defendants moved to dismiss Count I, the dissolution count, on the ground that the Trustee was an assignee of the Defendants' membership interests and, as such, had no standing to maintain a claim for dissolution. (Docket No. 11).

24.　　On November 22, 2021, the Court issued a Memorandum Opinion and Order denying the Defendants' Motion to Dismiss, holding that the provision of Virginia Code § 13.1-

---

[2] The Court has been advised that there was another purported transfer of the Property in October 2021, from Mary Ella Johnson to Ramona Johnson-Howard. TR's Mot. for Leave to Am. Compl., Ex. A (Docket No. 71). The Court denied the Trustee's Motion to Amend the Complaint to include this transfer because adding a new party would have required continuing the trial date. (Docket No. 73). The Trustee remains free to file an adversary proceeding to avoid this transfer.

1040.1(6)(a) (2009), dissociating members upon their filing for bankruptcy, was an impermissible *ipso facto* provision under Bankruptcy Code Section 541(c)(1). (Docket No. 21).

25. The Defendants sought an interlocutory appeal, but the District Court denied their request. (Docket Nos. 26, 45).

**Conclusions of Law**

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, and the Order of Reference entered by the U.S. District Court for this district on August 15, 1984. The Plaintiff's claims are all non-core under 28 U.S.C. § 157(c). The Court has "related to" jurisdiction over all of the claims. *See Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007) (a claim is related to a bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy") (citations omitted).[3]

Arguably, Count III (Constructively Fraudulent Transfer) is a core proceeding under 28 U.S.C. § 157(b)(2)(H). The case law is divided on whether a claim arising under State law, but for which the Trustee has standing under Section 544(b), is core or non-core. *See Guffy v. Brown* (*In re Brown Med. Ctr., Inc.*), 578 B.R. 590, 596-97 (Bankr. S.D. Tex. 2016) (collecting cases on both sides of the issue). The Court will assume that Count III is non-core, but finds that the Defendants have consented to entry of a Final Order by the Bankruptcy Judge, as discussed below.

The Court finds that the Defendants have consented to the entry of a Final Order by the Bankruptcy Judge in this case. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670-71 (2015). The Initial Scheduling Order in this case required that any motion to withdraw the reference be filed within 30 days of entry of the Scheduling Order. (Docket No. 4). The Defendants consented to the entry of final orders by the Bankruptcy Judge by not filing such a motion within

---

[3] The Trustee has standing to bring his State law claims under the Bankruptcy Code. *See* 11 U.S.C. § 544(b).

the requisite timeframe. Further, the case has been pending for a year, and no motion to withdraw the reference was ever filed. It was set for a trial in July 2022. The Defendants did not raise the issue of the Bankruptcy Court's ability to enter final orders in their Opposition to the Trustee's Motion for Summary Judgment, nor at the hearing on summary judgment on July 19, 2022. They have not argued that there is any excusable neglect for their failure to move to withdraw the reference in a timely manner.

The Court finds, therefore, that the Defendants have consented to the entry of a Final Order by the Bankruptcy Judge.

### I.     The Defendants' Request for Abstention.

The Defendants first argue that the Court should abstain from hearing this dispute. Defs.' Opp'n at 3. The Court will decline to abstain in this case.

*A. Mandatory Abstention.*

Section 1334(c)(2) of Title 28 of the U.S. Code provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

The Court will deny the request for mandatory abstention for two reasons. First, the request is not timely. This adversary proceeding was filed on July 22, 2021, one year ago. Discovery has closed. The case was set for a trial on the merits on July 29, 2022. The Defendants first requested abstention in their Opposition to the Trustee's Motion for Summary Judgment on July 12, 2022. (Docket No. 101). This is not timely.

Second, no action has been commenced in State court. This is a requirement for mandatory abstention.

The Court, therefore, will deny the Defendants' request for mandatory abstention.

B.  *Discretionary Abstention.*

Section 1334(c)(1) of Title 28 of the U.S. Code provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).[4]

The Court is mindful in any permissive abstention motion of its "'virtually unflagging obligation'" to exercise the jurisdiction granted to it by Congress. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *In re Residential Cap., LLC*, 519 B.R. 890, 903 (Bankr. S.D.N.Y. 2014); *Hough v. Margulies* (*In re Margulies*), 476 B.R. 393, 401-02 (Bankr. S.D.N.Y. 2012).

The Fourth Circuit has instructed that the Court should consider the following factors in connection with an abstention motion: "'[(1)] the extent to which state law issues predominate over bankruptcy issues'; [(2)] 'the presence of a related proceeding commenced in state court or other nonbankruptcy court'; and [(3)] 'the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties .'" *Lee v. Anasti* (*In re Lee*), 461 F. App'x 227, 238 (4th Cir. 2012) (citing *New Eng. Power & Marine, Inc. v. Town of Tyngsborough* (*In re Middlesex Power Equip. & Marine, Inc.*), 292 F.3d 61, 69 (1st Cir. 2002)).

---

[4] Although the Defendants only referenced mandatory abstention in their Opposition, the Court will address permissive abstention for the sake of completeness.

7

Other courts, including this one, have further identified the following non-exclusive list of factors to be considered in the Court's decision on whether to exercise its discretion to abstain:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Hart v. Bellow*, No. 11 Civ. 67(RMB), 2011 WL 1584577, at *4 n.5 (S.D.N.Y. Apr. 27, 2011) (quoting *Norkin v. DLA Piper Rudnick Gray Cary, LLP*, No. 05 Civ. 9137(DLC), 2006 WL 839079, at *5 (S.D.N.Y. Mar. 31, 2006)); *Turturici v. Nat'l Mortg. Servicing, LP*, No. Civ S-10-2853 KJM, 2011 WL 4480169, at *3 (E.D. Cal. Sept. 26, 2011); *Ammini v. Labgold (In re Labgold),* 532 B.R. 276, 284 (Bankr. E.D. Va. 2015).

In this case, only one factor favors abstention – the Plaintiff's claims arise under State law. On the other hand, the State law issues are not terribly difficult nor complex. All of the other factors do not favor abstention. There is no action pending in State court, so abstaining would result in inordinate delays for the administration of the bankruptcy estate. Discovery has been completed, and the case was set for a trial. The Court has already heard, and announced that it would grant, the Plaintiff's Motion for Summary Judgment. The Defendants never requested a jury trial. Finally, a request for abstention at this late date smacks of forum shopping, particularly since the Defendants were not successful on their Motion to Dismiss under Rule 12(b)(6), as discussed below.

The Court, therefore, will decline to permissively abstain from this case.

## II.     The Plaintiff's Motion for Summary Judgment.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56(a)). The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). When the moving party has met its initial burden, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex Corp.,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

At the hearing on July 19, 2022, the Defendants' counsel acknowledged that there were no material facts in dispute. Hr'g Tr. 12:7-12:10 (Docket No. 107) ("MR. NEWTON: . . . [I]nitially, I would note that I think that there really aren't any disputed facts here[.]") The Court, therefore, will turn to the legal issues.

A. *Count I – Dissolution.*

Count I seeks a dissolution and winding up of Legacy under Virginia law. Virginia Code Section 13.1-1047(A) provides as follows:

> On application by or for a member, the circuit court of the locality in which the registered office of the limited liability company is located may decree dissolution of a limited liability company if it is not reasonably practicable to carry on the business in conformity with the articles of organization and any operating agreement.

Va. Code Ann. § 13.1-1047(A) (2009).

Here, the Operating Agreement allows for a dissolution and winding up of the LLC with the consent of 52% of the Members. The Trustee controls 76% of the membership interests in Legacy.

The Defendants oppose the Trustee's Motion, arguing that the Trustee only has the economic rights of members in the LLC, and not the non-economic rights. Defs.' Opp'n at 2-10 ("Under Virginia law, the bankruptcy estate has the rights of an assignee and there is no provision in the Bankruptcy Code that requires a different result."). The Court, however, already has addressed this argument on the Defendants' Motion to Dismiss. The Court incorporates its Memorandum Opinion and Order (Docket No. 21) into these Findings of Fact and Conclusions of Law in its entirety.

The Defendants (again) argue that, under the Supreme Court's decision in *Butner*, property rights generally are determined under State law unless there is a countervailing federal interest. The Court previously held that there *is* a federal interest, as codified in Bankruptcy Code Section 541(c)(1). As the Court previously noted, if Congress had wanted to limit bankruptcy trustees' interests in business entities solely to economic rights, to the exclusion of non-economic rights, it could have said so.

The Court finds that: (a) the Trustee, as the owner of 76% of the membership interests in Legacy, has consented to a dissolution and winding up of the LLC; and (b) it is not reasonably practicable to carry on the affairs of the limited liability company. The non-debtor members clearly have no interest in selling the Property. The Trustee cannot be expected to wait indefinitely to realize the bankruptcy estate's economic interests in the LLC.

The Court will grant the Plaintiff's Motion on Count I, for the reasons stated above and in the Court's Memorandum Opinion and Order on the Motion to Dismiss. (Docket No. 21).

### B. Count III – Avoiding the October 2016 Consent as a Fraudulent Transfer.

Count III seeks to avoid the October 2016 Consent as a constructively fraudulent transfer under Va. Code §55.1-401, which provides:

> Every gift, conveyance, assignment, transfer, or charge that is not upon consideration deemed valuable in law, or that is upon consideration of marriage by an insolvent transferor or by a transferor who is thereby rendered insolvent, shall be void as to creditors whose debts were contracted at the time such gift, conveyance, assignment, transfer, or charge was made but shall not, on that account merely, be void as to creditors whose debts have been contracted, or as to purchasers who have purchased, after such gift, conveyance, assignment, transfer, or charge was made. Even though it is decreed to be void as to a prior creditor, because voluntary or upon consideration of marriage, it shall not, for that cause, be decreed to be void as to subsequent creditors or purchasers.

Va. Code Ann. § 55.1-401 (2019).

### i. The October 2016 Consent Did Not Effect a Transfer of the Property.

The Defendants first argue that the October 2016 Consent effected a transfer of the Property as between the members. The October 2016 Consent is not a Deed. It did not transfer the Property to Mary Ella Johnson. It is a "consent to the taking of the following action [i.e., transferring the Property to Ms. Johnson] without a meeting of the members." TR's Ex. 13 (Docket No 84-14). It is not clear why a Deed was never prepared until after this bankruptcy case was filed, but it is undisputed that one was not prepared. At best, the October 2016 Consent indicates an intent on the

part of the parties to transfer the Property to Mary Ella Johnson. It was not a transfer between the members.

The requirements for a valid deed are "competent parties, a lawful subject matter, a valuable consideration, apt words of conveyance, and proper execution." *Lim v. Choi*, 501 S.E.2d 141, 143 (Va. 1998) (quoting *Morison v. American Ass'n*, 65 S.E. 469, 470 (Va. 1909)). "[U]se of technical words or strict compliance with the form [under State law] is not necessary to effect a transfer if the language used 'plainly shows' on the face of the document a clear intent to convey title." *Id.* at 144.

Here, there is a fundamental difference between a document evidencing consent to a transfer (the October 2016 Consent), which is standard for a contemplated transfer of property by an LLC, and the transfer itself (the 2021 Gift Deeds). At most, the October 2016 Consent merely authorized Legacy to transfer the property. The Consent lacks "apt words of conveyance" that would "plainly show" that Legacy intended to transfer title to Mary Ella Johnson through the Consent instrument itself. *See id.* The Court finds, therefore, that the Property was still owned by Legacy at the time that Mr. and Ms. Johnson filed for bankruptcy.

ii. *The October 2016 Consent As a Constructively Fraudulent Transfer.*

To the extent that there was a transfer between the members, as the Defendants argue, the Trustee has satisfied his burden of proof that the October 2016 Consent is avoidable as a constructively fraudulent transfer under Virginia law. *See* Va. Code Ann. § 55.1-401 (2019).[5] There was no consideration for the October 2016 Consent. The Consent itself acknowledges that

---

[5] The term "transfer" is defined by the Bankruptcy Code as: "each mode, *direct or indirect*, absolute or conditional, voluntary or involuntary, of disposing of or parting with— (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54)(D) (emphasis added).

it was prompted by "financial hardships" and an inability to pay Mary Ella Johnson for the Property. TR's Ex. 13 (Docket No. 84-14).

The Court further concludes that the Trustee has satisfied his burden to prove that the Debtors were insolvent at the time of the October 2016 Consent. The Defendants had hundreds of thousands of dollars in tax debts, State and federal, that they were unable to pay. The Debtors acknowledged the tax debts under oath in their Schedules. Further, the Defendants have not submitted any evidence in response; they have not submitted a Declaration denying that they were insolvent at the time, in October 2016.

The Court, finds, therefore, that the Trustee has met his burden of proof on Count III. The Court will grant the Trustee summary judgment on Count III.

C. *Count VI – Unauthorized Transfer of the Property (the Gift Deeds).*

Count VI seeks to avoid the 2021 Gift Deeds as unauthorized under Virginia law. Defendant Jerome Johnson did not own any of the membership interests in Legacy at the time of the Gift Deeds. The Trustee owned the majority of membership interests (76%) once the bankruptcy was filed. The Trustee as the majority owner of membership interests never consented to the Gift Deeds.

The Defendants argue that the Gift Deeds were "ministerial acts," simply giving effect to the intent stated in the October 2016 Consent. Defs.' Opp'n at 11-12. There is no authority to the Court's knowledge, under Virginia law for the proposition that the execution and recordation of a deed transferring ownership of real property is a ministerial act, and the Defendants have not cited any. Ministerial acts typically only involve acts incidental to the admitting of a deed to record by the Clerk of Court. *See, e.g.*, *Corey v. Moore*, 11 S.E. 114, 118 (Va. Ct. App. 1890) ("The . . . deed of trust, which is assailed as having been improperly and illegally admitted to record, is regular on

its face, and the acknowledgment having been taken and certified by an officer authorized by law to take and certify such acknowledgment, the clerk, when the same was presented to him for the purpose, could not do otherwise than perform the simple ministerial act of admitting it to record, and this he did. It cannot be denied that the act of admitting the deed to record was a purely ministerial act."). The execution and recordation of a deed by a former member of an LLC, on the other hand, cannot be considered a ministerial act. The Court rejects the Defendants' "ministerial act" argument.

The Court, therefore, will declare the Gift Deeds to be null and void. The Court will grant summary judgment to the Plaintiff on Count VI.[6]

## Conclusion

The Trustee's counsel is directed to submit a Final Order to the Court with counsel for the Defendants' endorsement, under which:

A. The Plaintiff is granted summary judgment on Counts I, III, and VI;

B. Counts II, IV, and V are dismissed without prejudice;

C. The Court approves the Plaintiff's Plan of Dissolution; and

D. The Clerk will mail copies of these Findings of Fact and Conclusions of Law, or will provide cm-ecf notice of their entry, to the parties below.

Date: Aug 9 2022

Alexandria, Virginia

/s/ Brian F Kenney
The Honorable Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket: August 9, 2022

---

[6] As the Court stated at the hearing on July 19, 2022, it will dismiss the Trustee's remaining Counts (Counts II, IV, and V) without prejudice.

<u>Copies to:</u>

Donald F. King, Esquire
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Plaintiff-Chapter 7 Trustee*

Bradley D. Jones, Esquire
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
*Counsel for Plaintiff*

Mary Ella Johnson
8815 Colemans Lake Rd.
Ford, VA 23850
*Defendant*

Emeri M. Johnson
15338 Colonel Tansill Ct.
Woodbridge, VA 22193
*Defendant*

Gabrielle A. Johnson
15338 Colonel Tansill Ct.
Woodbridge, VA 22193
*Defendant*

Legacy Wealth Properties, LLC
15338 Colonel Tansill Ct.
Woodbridge, VA 22193
*Defendant*

Scott J. Newton
9255 Lee Avenue
Manassas, VA 20110
*Counsel for Defendants*